Jimmy Lee Hardy is the defendant in a paternity action filed by the State on behalf of Patricia Chambers. The complaint alleges that Hardy is the father of Ms. Chambers's daughter, Ebony. Upon an adverse ruling at the juvenile court level, Hardy appealed to the circuit court for a trial de novo, demanding a jury trial. The jury's verdict found Hardy to be Ebony's father. The case was then "continued for determination of support and visitation." Hardy responded by filing a motion for judgment notwithstanding the verdict or for new trial. The trial court heard the motion, denied it, and rescheduled the child support hearing for October 5. On that date, Hardy filed this appeal. There is no indication in the record that the support hearing was ever held.
We cannot decide this appeal on the merits. Instead, we must dismiss it as premature because there is no final judgment.
Before an order can support an appeal, it must be a final judgment. Tidwell v. Tidwell, 496 So.2d 91 (Ala.Civ.App. 1986). The issue of whether a judgment is final is jurisdictional, which means that if the reviewing court determines that the judgment appealed from is not final, that court is obligated to dismiss the appeal on its own motion. JimWalter Homes, Inc. v. Holman, 373 So.2d 869 (Ala.Civ.App. 1979).
A final judgment is defined as "a terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants." Tidwell, supra, at 92. The judgment appealed from in this case is not final because child support has not yet been determined, resulting in a matter still in controversy.
Furthermore, the trial court has not complied with §26-17-14(a), Ala. Code 1975 (1986 Repl.Vol.), which provides as follows:
 "(a) The order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes. Upon paternity being established, the court shall immediately determine support payments at the conclusion of the paternity hearing and make support payment determination a part of the order establishing paternity."
Pursuant to § 26-17-14(a), a final judgment in a paternity action must include a determination of child support to be paid. Washington v. State ex rel. King, 537 So.2d 967
(Ala.Civ.App. 1988).
The order establishing Hardy's paternity does not incorporate a child support award; therefore, it is not a final judgment which will support an appeal. This appeal is due to be dismissed.
APPEAL DISMISSED.
HOLMES, P.J., and ROBERTSON, J., concur.