YATES, Judge.
This is an attempted appeal in a post-divorce case.
In the parties’ divorce judgment, custody of their two minor children originally was granted to Beverly June Wingard (mother), but it subsequently was changed and granted to Michael Lamar Wingard (father). In March 1992, the father filed a motion to modify, seeking child support from the mother. The mother answered and counter-petitioned, claiming that the father failed to pay child support and certain insurance premiums for the minor children when they were in her custody. The trial court subsequently entered an order finding no arrearage against the father in child support he previously had been ordered to pay, and requiring the mother to commence paying child support to the father.
The mother appeals and, among other things, argues that the trial court erred in failing to order the father to reimburse her for insurance premiums which he previously had been ordered to pay, but which she paid *442 instead. We note, however, that the trial court did not address this issue, although the mother raised such issue in her counter-petition. Also, we note that the trial court did not enter a Rule 54(b), Alabama Rules of Civil Procedure, judgment.
It is well-settled law in Alabama that an order must be a final judgment before it can support an appeal. Ala.Code 1975, § 12-22-2; Hardy v. State ex rel. Chambers, 541 So.2d 566 (Ala.Civ.App.1989). “A ‘final judgment’ is a terminal decision which demonstrates there has been complete adjudication of all matters in controversy between the litigants.” Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986).
Because of the lack of a final judgment or a judgment entered pursuant to Rule 54(b), A.R.Civ.P., we dismiss this appeal as premature. In so doing, we note that, once the trial court enters a final judgment, counsel may appeal if not satisfied, and then may request that this court incorporate the present record on such subsequent appeal.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, J., concur.