CRAWLEY, Judge.
On September 13, 1997, James Williams was found dead inside the “waste-breading trailer” on the premises of his employer, Cagles, Inc. (“Cagles”). The official cause of death was asphyxiation caused by being exposed to an extreme concentration of carbon dioxide (“C02”) gas. Sandra Warren, Williams’s common-law wife, sued Ca-gles, seeking workers’ compensation survivor’s benefits. She also sued two third parties, Griffin Industries, Inc. (“Griffin”) and BOC Group, Inc. (“BOC”), alleging various tort claims, and four coemployees, pursuant to Ala.Code 1975, § 25-5-11(c)(1): Terry Wester, the plant safety coordinator; Wade Hankinson, the plant manager; Ken Nix, the corporate safety coordinator; and Ronnie Adrian, the first-shift production manager. Cagles settled the workers’ compensation claim in November 1999. On April 27, 2000, the trial court entered a summary judgment in favor of the coemployees. Warren appealed the summary judgment to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
An appeal ordinarily lies only from a final judgment. Ala.Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to *379 this rule is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. Bean, 557 So.2d at 1253.
On the date the trial court entered the summary judgment for the coemploy-ees, the case action summary sheet contained an entry suggesting that the case had been disposed of by settlement. However, the entry does not indicate which party or parties had entered a settlement or that the trial court had actually entered an order disposing of the case; in addition, the record does not contain an order disposing of any claims as to any party. Accordingly, we conclude that the entry fails to adjudicate any claims as to any parties, see Rule 58(b), Ala.R.Civ.P., and that the claims against Griffin and BOC are still pending in the trial court.
Because the record does not reflect that the summary judgment disposed of all claims as to all parties to the case, we conclude that the summary judgment is not final. The trial court did not enter a Rule 54(b) order in this case, presumably because, as it indicated in the summary-judgment order, it believed that it had disposed of all other claims. Because the record does not reflect that the claims against BOC and Griffin were ever disposed of[1] and because the court entered no Rule 54(b) order, we must dismiss this case.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ„ concur.

. This court instructed the circuit clerk to locate the settlement documents referred to by the case action entry so that they could be incorporated into the record in this case; however, the circuit clerk informed this court that, after an exhaustive search, the clerk had not found those settlement documents.