Teresa Trousdale ("the mother") and Dexter Tubbs ("the father") were divorced by a June 1999 judgment of the trial court. The divorce judgment awarded the mother custody of the two children born of the parties' marriage. The record indicates that modifications following that divorce judgment resulted in custody of the parties' son being transferred to the father and then later returned to the mother; it appears that the parties have been engaged in litigation almost continuously since their divorce and that the mother has retained custody of the parties' daughter throughout that period.
On November 25, 2003, the mother filed a petition seeking a modification of previous judgments. In that petition, the mother sought a modification of child support and a determination that the father be held in contempt for an alleged failure to pay child support. On October 25, 2004, the trial court entered an order that incorporated a settlement agreement reached by the parties. The October 25, 2004, order provided, among other things, that the father receive custody of the parties' son; that the father pay $80 per week in child support for the parties' daughter; and that "[a]ll other provisions not specifically modified herein shall remain in full force and effect." The October 25, 2004, order did not mention the issue of a child-support arrearage.
On November 19, 2004, the mother filed a motion seeking to "set aside" the October 25, 2004, order. In that motion, the mother alleged that the agreement upon which the October 25, 2004, order was based was procured by fraud. Specifically, she alleged that at the time of the agreement, the parties' son was living with the father, that the son had returned to her home, and that the father had "planned" to return the son to her custody at the time he entered into the settlement agreement. Also on November 19, 2004, the mother filed a petition to modify in which she again sought to have the father held in contempt and sought a modification of child support.
On May 9, 2005, the trial court conducted a hearing at which it heard the arguments of counsel and received ore tenus evidence on the mother's motion to "set aside" and her petition to modify. The record indicates that the trial court treated the mother's November 19, 2004, petition to modify as a part of her November 19, 2004, motion to "set aside" the October 25, 2004, order rather than as a separate filing. At the May 9, 2005, hearing, the mother argued that the order should be *Page 1022 
set aside because of the alleged fraud pertaining to the custody issue. She also argued, for the first time, that the October 25, 2004, order should be set aside because it did not address the issue of past-due child support. The mother maintained that the language in the October 25, 2004, order stating that "the parties have reached an agreement as to all issues pending before the Court" was a clerical error. The father objected to the mother's raising the purported clerical error for the first time at the hearing, and he pointed out to the trial court that the mother's attorney had drafted the settlement agreement upon which the trial court had based its October 25, 2004, order.
At the hearing, the trial court allowed the mother to make an offer of proof with regard to the issue of the alleged child-support arrearage. The trial court asked the mother to present evidence pertaining to her allegation that the father had committed fraud with regard to the custody issue; she presented little evidence relevant to that issue.
On May 13, 2005, the trial court entered an order in which it modified custody of the parties' son, ordered the father to pay child support until the son reached the age of majority, and denied the mother's motion to set aside the October 25, 2004, order. In its May 13, 2005, order, the trial court noted that it had not, in its October 25, 2004, order, ruled upon the mother's claim seeking a child-support arrearage. The mother appeals.
On appeal, the mother argues that the trial court erred in refusing to consider the issue of the father's alleged child-support arrearage. The mother cites to Ex parte State exrel. Lamon, 702 So.2d 449 (Ala. 1997). In that case, our supreme court held:
 "It is well settled that child support payments become final judgments on the day they are due and may be collected as any other judgment is collected; and that payments that mature or become due before the filing of a petition to modify are not modifiable. See State ex rel. Howard v. Howard, 671 So.2d 83 (Ala.Civ.App. 1995); Cunningham v. Cunningham, 641 So.2d 807 (Ala.Civ.App. 1994); Glenn v. Glenn, 626 So.2d 638 (Ala.Civ.App. 1993); Frasemer v. Frasemer, 578 So.2d 1346 (Ala.Civ.App. 1991); Barnes v. State ex rel. State of Virginia, 558 So.2d 948 (Ala.Civ.App. 1990); Endress v. Jones, 534 So.2d 307 (Ala.Civ.App. 1988). Furthermore, it is well settled that a trial court has no power to forgive an accrued arrearage. See, State ex rel. McDaniel v. Miller, 659 So.2d 640
(Ala.Civ.App. 1995); Hardy v. Hardy, 600 So.2d 1013
(Ala.Civ.App. 1992), cert. denied, Ex parte Hardy, 600 So.2d 1016 (Ala. 1992)."
702 So.2d at 450-51.
However, we do not reach the mother's argument. "An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved."Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). "The issue of whether a judgment is final is jurisdictional." Hardy v. Stateex rel. Chambers, 541 So.2d 566, 567 (Ala.Civ.App. 1989). Matters of jurisdiction are of such importance that a court may consider them ex mero motu. Bacadam Outdoor Adver., Inc. v.Kennard, 721 So.2d 226 (Ala.Civ.App. 1998) (citing Nunn v.Baker, 518 So.2d 711 (Ala. 1987), and Wallace v. Tee Jays Mfg.Co., 689 So.2d 210 (Ala.Civ.App. 1997)). When an appellate court determines that an order from which an appeal is taken is not final and will not support an appeal, that court must dismiss the appeal on its own motion. Hardy v. State ex rel. Chambers, supra. *Page 1023 
In this case, the trial court has yet to rule with regard to the issue of a child-support arrearage; therefore, the May 13, 2005, order from which the mother appealed is not a final judgment capable of supporting the appeal. Accordingly, we must dismiss this appeal.
APPEAL DISMISSED.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.