MOORE, Judge.
 

 Jimmie Marie Franklin, the mortgagee on a 1986 mortgage (“the mortgage”) executed by Willie T. Etheridge, Sr., appeals from a judgment of the Jefferson Circuit Court in an action brought by Genevieve A. Etheridge (“Etheridge”), the current mortgagor, to ascertain the remaining balance owed on the mortgage.
 

 On June 22, 2004, Etheridge filed a complaint in the trial court stating that she had made several written demands to Franklin requesting that Franklin provide her with a statement of the remaining balance due on the mortgage. In her complaint, Etheridge requested that the trial court order Franklin to provide her with a statement of the remaining principal balance and interest due on the mortgage. On September 14, 2006, Etheridge filed an amendment to her complaint in which she alleged that the mortgage indebtedness had been satisfied on February 6, 2006. Franklin answered, and, on October 12, 2006, she filed a counterclaim in which she requested that the trial court enter a judgment declaring the balance of the remaining indebtedness on the mortgage. Franklin also requested in her counterclaim that the trial court order foreclosure of the property if Etheridge failed to promptly pay the remaining mortgage balance.
 

 The trial court held a trial on November 9, 2006. At the trial, Franklin presented evidence tending to establish that Ether-idge owed $151,142.56 on the mortgage. Etheridge presented evidence regarding the balance remaining on the mortgage, including the testimony of Van Gravlee, a certified public accountant. Gravlee testified that he had prepared four estimates of the balance remaining on the mortgage based on four sets of assumptions regarding the timing of payments made by Eth-eridge. Those estimates ranged from the first, which indicated that Etheridge had overpaid on the mortgage, to the fourth, which indicated that Etheridge still owed $39,354 on the mortgage.
 

 On February 12, 2007, the trial court entered an order purporting to dispose of the pending claims. On appeal, Franklin contends that the judgment did not sufficiently adjudicate the central claim in the litigation, namely, the amount owing on the mortgage. The trial court’s February 12, 2007, order reads as follows:
 

 “This case comes before the Court on [Etheridge’s] complaint against [Franklin] asking the Court to determine the amount due on [the mortgage] ....
 

 “Etheridge presents evidence that she had great difficulty in obtaining a payoff figure on the mortgage balance from Franklin. [Etheridge’s] counsel made requests for such balance from Franklin without success. In the trial of this case, Etheridge presented evidence of a series of payments, some partial and nearly all late. [Etheridge’s] exhibit 10 dated September 11, 1997, purports to show that a statement was issued by [Franklin] indicating that Etheridge was 26 payments behind, ($30,279.75), but that [she] would consider allowing that to be paid in four equal installments and that would then bring the payoff balance to $76,341.73 as of October 5, 1997, which was in accordance with the amortization schedule, [Etheridge’s] exhibit 8. [Etheridge] then paid $21,000.00 but there is no evidence that the other $9,279.75 was then paid. Etheridge presented to the Court a number of checks
 
 *534
 
 and money orders, some of which had no endorsements on them.
 

 “The evidence presented by Franklin primarily consisted of a number of envelopes which were supposedly used by Etheridge to make her payments. This was Franklin’s primary ‘accounting’ system. While such method may support the time and frequency of Etheridge’s payments it did not account for the computation or allocation of interest, principal or late charges. [Etheridge] presented Van Gravlee, CPA as an expert witness who testified that he made computations based on the evidence and some assumptions as to certain credits for Etheridge. Mr. Gravlee presented calculations that showed that Etheridge owed
 
 at least
 
 $32,433.99 on the mortgage. The Court finds such testimony credible.
 

 “Counsel for both parties did an excellent job presenting their respective case. Each had to contend with inadequate records, death of a party and unsophisticated record keeping. In such case, the Court cannot compute damages with mathematical precision....
 

 “Considering all of the submissions of the parties, the Court finds ... the subject mortgage balance to be
 
 not less than $32,133.99,
 
 plus $1976.28
 
 ad valo-rem
 
 taxes paid by Franklin. [Franklin’s] claim for attorney fees are found to be valid, and if the parties cannot agree on such amount, either may apply for a hearing to prove such fees. Costs are taxed to [Franklin].”
 

 (Emphasis added.)
 

 Franklin argues that the trial court’s finding that the balance owing on the mortgage is “not less than $32,433.99” does not adjudicate with finality the balance owed.
 

 “Our supreme court has stated: ‘An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990);
 
 see also BB & S Gen. Contractors, Inc. v. Thornton & Assocs., Inc.,
 
 979 So.2d 121, 123 (Ala.Civ.App.2007);
 
 Trousdale v. Tubbs,
 
 929 So.2d 1020, 1022 (Ala.Civ.App.2005). This court has recognized:
 

 “ ‘ “The issue of whether a judgment is final is jurisdictional.”
 
 Hardy v. State ex rel. Chambers,
 
 541 So.2d 566, 567 (Ala.Civ.App.1989). Matters of jurisdiction are of such importance that a court may consider them ex mero motu.
 
 Bacadam Outdoor Adver., Inc. v. Kennard,
 
 721 So.2d 226 (Ala.Civ.App.1998) (citing
 
 Nunn v. Baker,
 
 518 So.2d 711 (Ala.1987), and
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210 (Ala.Civ.App.1997)). When an appellate court determines that an order from which an appeal is taken is not final and will not support an appeal, that court must dismiss the appeal on its own motion.
 
 Hardy v. State ex rel. Chambers,
 
 supra.’
 

 “Trousdale v. Tubbs,
 
 929 So.2d at 1022
 

 [[Image here]]
 

 Owen v. Hopper,
 
 999 So.2d 953, 955 (Ala. Civ.App.2008).
 

 “A final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself.
 
 Gandy v. Hagler,
 
 245 Ala. 167, 16 So.2d 305 [ (1944) ];
 
 Bell v. Otts,
 
 101 Ala. 186, 13 So. 43 [(1893)]. All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own. A judgment for
 
 *535
 
 damages to be final must, therefore, be for a sum certain determinable without resort to extraneous facts.”
 

 Jewell v. Jackson & Whitsitt Cotton Co.,
 
 331 So.2d 623, 625 (Ala.1976).
 

 “Where the amount of damages is an issue, as here, the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.”
 
 Moody v. State ex rel. Payne,
 
 351 So.2d 547, 551 (Ala.1977).
 

 In the present case, it is not clear whether the trial court’s February 12, 2007, judgment ascertains the amount owing on the mortgage. Although the order states that Etheridge owes “at least” $32,433.99, that order does not make clear whether $32,433.99 is the extent of the mortgage balance owed by Etheridge to Franklin. Accordingly, we remand the case for the trial court to determine with certainty the outstanding balance of the indebtedness owed by Etheridge on the mortgage. Due return shall be made to this court within 21 days of the release of this opinion.
 

 REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 On Return to Remand
 

 MOORE, Judge.
 

 Jimmie Marie Franklin, the mortgagee of a 1986 mortgage (“the mortgage”) executed by the late Willie T. Etheridge, Sr., appealed from a judgment of the Jefferson Circuit Court in an action brought by Genevieve A. Etheridge (“Etheridge”), the current mortgagor, to ascertain the remaining balance owed on the mortgage. We remanded this cause for 21 days “for the trial court to determine with certainty the outstanding balance of the indebtedness owed by Etheridge on the mortgage.”
 
 Franklin v. Etheridge,
 
 4 So.3d 532, 535 (Ala.Civ.App.2008)
 
 (“Franklin I”).
 

 [1]
 

 On remand, the trial court amended its February 12, 2007, judgment to state that the mortgage balance is “$32,433.99 plus $1,976.28 ad valorem taxes paid by Franklin.” Based on the trial court’s judgment on remand, we reverse and remand.
 

 Franklin argues that the trial court’s judgment is unsupported by the evidence. Specifically, Franklin argues that the trial court based its determination of the outstanding mortgage balance on expert testimony that was based on assumptions that were not supported by the evidence. Franklin also argues that the trial court should have excluded the testimony of Etheridge’s expert because, Franklin says, his opinion was based on facts not in evidence. We find the second issue dispositive of this case.
 

 “This Court has repeatedly held: ‘[A]n expert witness may give opinion testimony based upon either facts of which he has personal knowledge or facts which are assumed in a hypothetical question. ... In either event, “the facts known to the expert or hypothesized] must be facts in evidence.”
 
 Hagler v. Gilliland,
 
 292 Ala. 262, 265, 292 So.2d 647 (1974).’
 
 Welch v. Houston County Hosp. Bd.,
 
 502 So.2d 340, 345 (Ala.1987) (quoting
 
 Thompson v. Jarrell,
 
 460 So.2d 148, 150 (Ala.1984)).”
 

 Golden v. Stein,
 
 670 So.2d 904, 907 (Aa. 1995).
 

 Van Gravlee, a certified public accountant, testified that he had calculated the outstanding mortgage balance four times based on four different sets of assumptions. In its judgment, the trial court adopted one of Gravlee’s calculations as to the outstanding mortgage balance. Therefore, we must determine if that particular
 
 *536
 
 calculation (“Gravlee’s calculation”) was based on assumptions that are supported by facts in evidence.
 
 See Golden,
 
 670 So.2d at 907.
 

 Gravlee testified that his calculation was based on an assumption (1) that Franklin and Etheridge were parties to a 20-year mortgage dated February 5, 1986, in the principal amount of $110,000, with an interest rate of 12% per annum and monthly payments of $1,211.19; (2) that all monthly payments had been made through August 1995; (3) that no payments had been made from September 1995 until October 3, 1997; (4) that Ethei’idge had paid Franklin $21,000 on October 3, 1997; and (5) that all monthly payments had been made from November 1997 through the time of the trial. Gravlee testified that, based on those assumptions, the outstanding mortgage balance as of November 3, 2006, was $32,433.99, plus some accrued interest.
 

 At trial, there was undisputed evidence indicating that Franklin and Ethei’idge were parties to a 20-year mortgage dated February 5, 1986, in the principal amount of $110,000, with an interest rate of 12% per annum and monthly payments of $1,211.19. Etheridge introduced a letter dated September 11, 1997, that Franklin had written to Etheridge stating that Franklin’s records showed that Etheridge had missed 25 payments: 2 in 1993, 3 in 1994, 4 in 1995, 7 in 1996, and 9 in 1997. However, at trial, Franklin introduced records indicating that Etheridge had missed payments before 1993 but that she had failed to note those in the September 11, 1997, letter. Etheridge did not present any other evidence regarding which payments had been made before 1997. The testimony was undisputed that a payment of $21,000 was made on October 3, 1997. Etheridge testified that she had made the payments from November 1997 through the time of the trial; Franklin, however, contradicted that testimony.
 

 Based on the evidence presented at trial, we conclude: (1) that Gravlee’s assumption that Franklin and Etheridge were parties to a 20-year mortgage dated February 5, 1986, in the principal amount of $110,000, with an interest rate of 12% per annum and monthly payments of $1,211.19 was supported by the facts in evidence; (2) that Gravlee’s assumption that all monthly payments had been made through August 1995 was unsupported by the facts in evidence; (3) that Gravlee’s assumption that no payments had been made from September 1995 until October 3, 1997, was unsupported by the facts in evidence; (4) that Gravlee’s assumption that Etheridge had paid Franklin $21,000 on October 3, 1997, was supported by the facts in evidence; and (5) that Gravlee’s assumption that all monthly payments had been made from November 1997 through the time of the trial was based on facts, albeit disputed, in evidence.
 

 Because Gravlee’s calculation was not based solely on facts in evidence,
 
 see Golden, supra,
 
 we conclude that the trial court should have excluded that testimony. Because the trial court relied on that testimony, we must reverse the trial court’s judgment and remand this cause to the trial court for a new trial.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The procedural history of this case is set forth in
 
 Franklin I.