MOORE, Judge.
 

 Sarah Nelson (“the widow”), the widow of Wiley Nelson, Jr. (“the decedent”), appeals a judgment as a matter of law entered in favor of Albert Foster, Jr., and Jacques Marsh, the decedent’s nephews.
 
 [1]
 
 We dismiss the appeal.
 

 On July 13, 2007, the widow filed a petition to remove the administration of the estate of the decedent from the Montgomery Probate Court to the Montgomery Circuit Court, pursuant to § 12-11-41, Ala.Code 1975. Although the circuit court did not enter an order removing the administration of the estate from the probate
 
 *605
 
 court, on December 18, 2007, the widow gave notice to the circuit court that she was dissenting from the will and was claiming a “spouse’s share.” On January 22, 2008, Foster and Marsh filed a motion in the circuit court seeking a judgment declaring the validity of a postnuptial agreement that had been entered between the widow and the decedent. They also sought a determination of the validity of an inter vivos transfer of certain property from the decedent to Foster and Marsh. On February 7, 2008, the widow requested a trial by jury.
 

 The case was called for trial in the circuit court on March 31, 2008, and, at the conclusion of the presentation of Foster and Marsh’s evidence, the circuit court entered a judgment as a matter of law in favor of Foster and Marsh and “dismissed [the case,] with prejudice.” The widow timely filed her notice of appeal to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 

 Although neither party has raised the issue of jurisdiction, “[m]atters of jurisdiction are of such importance that a court may consider them ex mero motu.”
 
 Trousdale v. Tubbs,
 
 929 So.2d 1020, 1022 (Ala.Civ.App.2005).
 

 “[0]nce a party seeking to remove the administration of an estate pursuant to § 12 — 11—41[, Ala.Code 1975,] makes a
 
 prima facie
 
 showing that she is an ‘heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed,’ the circuit court
 
 must
 
 order its removal .... ”
 

 Ex parte McLendon,
 
 824 So.2d 700, 704 (Ala.2001) (footnote omitted). In the present case, the widow filed a notice of removal in compliance with § 12-11-41; however, the circuit court failed to enter an order removing the matter from the probate court. An order entered by the circuit court removing the administration of the estate is “necessary [for the circuit court] to take jurisdiction of the estate from the probate court.”
 
 Ex parte Terry,
 
 957 So.2d 455, 459 (Ala.2006). Because there was no such order entered in the present case, the circuit court never acquired jurisdiction. “A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.”
 
 Vann v. Cook,
 
 989 So.2d 556, 559 (Ala.Civ.App.2008). Accordingly, we dismiss the appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Although the circuit court entered a judgment as a matter of law in favor of Foster and Marsh, the widow listed the "Estate of Wiley Nelson, Jr." as the appellee in her notice of appeal.