51 So.3d 1074 (2010)
R.G. and S.G.
v.
B.J.C., JR.
2090137.
Court of Civil Appeals of Alabama.
June 18, 2010.
*1075 Theresa S. Dean, Opelika, for appellants.
Margaret Y. Brown, Auburn, for appellee.
MOORE, Judge.
R.G. and S.G., the maternal grandparents of C.L.G. ("the child"), appeal from a judgment of the Lee Juvenile Court ("the juvenile court") awarding custody of the child to B.J.C., Jr. ("the father"). We dismiss the appeal for lack of jurisdiction.
On March 19, 2009, the maternal grandparents filed a petition alleging dependency and seeking custody of the child. The maternal grandparents asserted that the paternity of the child had been adjudicated and that the father had been paying child support to W.L.G. ("the mother"). The maternal grandparents asserted that the child was dependent because "she is without parents willing and able to discharge their duties as parents." The maternal grandparents further asserted that the child had lived with them since she was less than one year old; that they have provided for virtually all the child's physical, emotional, and financial needs; that the mother had not contributed on a regular basis to the child's material or physical needs; and that the mother had not maintained stable housing or employment and could not meet the needs of the child without the physical and financial assistance of the maternal grandparents.
On April 14, 2009, the father filed an answer and a counterpetition. The father alleged that his paternity of the child had been established and that he had exercised regular visitation with the child and had paid child support to the mother. The father also asserted that he was fit to exercise the care, custody, and control of the child; that he had married and has other children; and that he was able to provide for the needs of the child. The father denied that the child was dependent. He further asserted that "from time to time" the mother and the maternal grandparents had failed to allow the father visitation with the child. The father requested custody of the child and an award of child support.
On June 26, 2009, the juvenile court entered a pendente lite order determining that the child was dependent, ordering that legal custody of the child remain with the mother at the mother's residence, and ordering alternating week-to-week visitation between the father and the mother *1076 and the maternal grandparents. The juvenile court reserved the right to order child support in the future, and it set a final hearing date for August 31, 2009.
After a hearing on August 31, 2009, the juvenile court entered a judgment on the case-action-summary sheet in which it determined that the maternal grandparents had failed to establish dependency by clear and convincing evidence and that the juvenile court lacked jurisdiction to make an award of custody pursuant to the father's counterpetition. The juvenile court proceeded to dismiss the father's counterpetition and ordered that the June 26, 2009, pendente lite order shall remain in full force and effect.
On its own motion, the juvenile court filed an amended judgment on September 1, 2009, replacing the judgment the court had issued at the conclusion of the hearing. In its amended judgment, the juvenile court stated that the father's counterpetition had presented a custody dispute, that the parties had argued the issue of custody, and that the father had met the burden required for a modification of custody. The juvenile-court judge then stated that he was sitting as a circuit-court judge in regard to the father's counterpetition, and he proceeded to, among other things, award custody of the child to the father.
On September 15, 2009, the maternal grandparents filed a "motion for rehearing." The trial court purported to deny that motion on October 6, 2009; however, the maternal grandparents' motion had been denied by operation of law on September 29, 2009. See Rule 1(B), Ala. R. Juv. P. The maternal grandparents filed their notice of appeal to this court on November 2, 2009.
Although the parties have failed to address this issue, we conclude that we do not have jurisdiction to address the maternal grandparents' appeal. " `[M]atters of jurisdiction are of such importance that a court may consider them ex mero motu.'" Nelson v. Nelson, 10 So.3d 603, 605 (Ala.Civ.App.2008) (quoting Trousdale v. Tubbs, 929 So.2d 1020, 1022 (Ala.Civ. App.2005)). As stated above, the maternal grandparents' "motion for rehearing" was denied by operation of law on September 29, 2009. The maternal grandparents had 14 days, or until October 13, 2009, to appeal the denial of their "motion for rehearing." Rule 4(a)(1)(E), Ala. R.App. P.[1] The maternal grandparents did not file their notice of appeal to this court until November 2, 2009, and, thus, that notice of appeal was not timely filed. Because the maternal grandparents' notice of appeal was untimely filed, this court lacks jurisdiction; therefore, the appeal is dismissed. See Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
*1077 PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.
NOTES
[1] We note that if the maternal grandparents' motion for a rehearing had been filed in response to a judgment of the circuit court, it would not have been denied by operation of law after 14 days. Although the juvenile-court judge purported to act as a circuit-court judge in awarding custody of the child in response to the father's counterpetition, neither party had invoked the jurisdiction of the circuit court, and the amended judgment was entered under the juvenile case number. We note also that the juvenile court was without jurisdiction to make a custody award once it determined that the child's dependency had not been established, and, thus, the court's September 1, 2009, amended judgment, as well as any other orders entered after the court determined the child's dependency had not been established, are void. See T.B. v. T.H., 30 So.3d 429 (Ala.Civ.App.2009), and C.D.S. v. K.S.S., 963 So.2d 125 (Ala.Civ.App. 2007). As a result, the procedural rules for the juvenile court still applied and, therefore, the maternal grandparents' postjudgment motion was deemed denied on September 29, 2009, and their time for filing an appeal began to run on that date.