THOMPSON, Presiding Judge.
Jewel Campbell, Acie A. Campbell, William J. Campbell, Jr., Roy J. Campbell, Eva Campbell, William C. Campbell, Kelly Calvert, and Amanda Givens (“the plaintiffs”) appeal from a summary judgment entered by the Baldwin Circuit Court in their action against Ethel C. Taylor, Paula Buettner, Gladys A. Campbell, the Baldwin County Revenue Commission, Hamm Enterprises, Ltd., Ruben Orosco, Medstar Ambulance Service, Jason Bennett, Mendi Bennett, and Madison County Community Bank (“the defendants”).[1] For the reasons stated herein, we dismiss the appeal.
A.V. Campbell, Sr., and his wife, Gladys E. Campbell, had at least four children, including A.V. Campbell, Jr., W.J. Campbell, defendant Ethel C. Taylor, and Archie Paul Campbell. Archie Paul Campbell had two children who are defendants in the present action, Gladys A. Campbell and Paula Buettner. The plaintiffs are the heirs of W.J. Campbell.
A.V. Campbell, Sr., died in 1977, and his will was admitted to probate. In 2005, the administration of his estate was removed to the Baldwin Circuit Court. Following the entry of a final judgment, Jewel Campbell filed an appeal to the supreme court, which affirmed the trial court’s judgment without issuing an opinion. We refer to that litigation herein as “the prior litigation.”
On June 2, 2009, the plaintiffs filed an action against the defendants pursuant to Rule 60(b), Ala. R. Civ. P., seeking to set aside the judgment entered in the prior litigation. The plaintiffs alleged that all the defendants claimed an interest in certain real property that was the subject of the action. The plaintiffs asserted that, by *260 virtue of being heirs at law and the next of kin of A.V. Campbell, Sr., the plaintiffs also claimed an ownership interest in that real property, and they described the real property as comprising seven separate parcels. Among other things, the plaintiffs alleged that they had not been made parties to the prior litigation and, as a result, that they were not bound by the judgment in that case. The plaintiffs asserted that the judgment in the prior litigation had failed to award to them their pro rata share of that property pursuant to the will of A.V. Campbell, Sr., and the intestacy laws of Alabama, and they sought a judgment setting aside the judgment in the prior litigation and awarding to them a share of the property described in the complaint.[2]
Defendant Ethel C. Taylor filed a motion for a summary judgment in which she argued that the trial court in the prior litigation had correctly construed the will of A.V. Campbell, Sr. In the plaintiffs’ response to Taylor’s summary-judgment motion, they contended that Taylor had failed to file any evidentiary material in support of her motion and that the motion was supported only by Taylor’s attorney’s unsworn statements. Thus, the plaintiffs argued, Taylor’s motion did not comply with Rule 56, Ala. R. Civ. P. The plaintiffs also argued that they had not been served with process in the prior litigation and, as a result, that the judgment entered in that action was without force and effect as to them. The plaintiffs supported their response to the summary-judgment motion with affidavits.
Taylor moved to strike the affidavits of Jewel Campbell, William J. Campbell, and Kelly Calvert on the basis that those plaintiffs had been represented by legal counsel in the prior litigation. Defendants Gladys A. Campbell, Paula Buettner, Jason Bennett, and Mendi Bennett (“the Campbell defendants”) filed a motion to strike certain statements from all the plaintiffs’ affidavits, arguing that the affidavits did not comply with Rule 56, Ala. R. Civ. P. Specifically, they asserted that the prior litigation was not “new litigation” but, instead, was simply the removal of the administration of the estate of A.V. Campbell, Sr., to the Baldwin Circuit Court from the Baldwin Probate Court pursuant to § 12-11-41, Ala.Code 1975, and that notice was not required to be given to the parties. The Campbell defendants asserted, among other things, that, in 1977, the plaintiffs or the plaintiffs’ parents or guardians ad litem were either served with process or filed a waiver of notice and consent to probate and record the will of A.V. Campbell, Sr.
The trial court held a hearing on the pending motions, after which the plaintiffs and the Campbell defendants submitted post-hearing briefs. On June 3, 2010, the trial court granted Taylor’s motion for a summary judgment by entry of a judgment that read: “Motion for summary judgment pursuant to Rule 56 filed by TAYLOR ETHEL C. is hereby granted.” The trial court also granted Taylor’s and the Campbell defendants’ motions to strike the plaintiffs’ affidavits. The plaintiffs *261 filed an appeal to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Although no party has raised any question with regard to this court’s jurisdiction, this court is obligated to consider its jurisdiction ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997). As a general rule, this court’s appellate jurisdiction extends only to final judgments. § 12-22-2, Ala.Code 1975. In Trousdale v. Tubbs, 929 So.2d 1020, 1022 (Ala.Civ.App.2005), this court wrote:
“ ‘An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ Bean v. Craig, 557 So.2d 1249, 1258 (Ala.1990). ‘The issue of whether a judgment is final is jurisdictional.’ Hardy v. State ex rel. Chambers, 541 So.2d 566, 567 (Ala.Civ.App.1989).”
An order that resolves claims against fewer than all the defendants is not a final judgment that is capable of supporting an appeal in the absence of a proper certification of finality pursuant to Rule 54(b), Ala. R. Civ. P. See Rule 54(b), Ala. R. Civ. P.
At the time the trial court entered the summary judgment, there were numerous defendants. Only one of those defendants, Ethel C. Taylor, had actually sought a summary judgment. Although the Campbell defendants filed a motion to strike portions of the affidavits the plaintiffs had filed in support of their response to Taylor’s summary-judgment motion, the Campbell defendants never filed any motion or other document indicating that they were joining in Taylor’s summary-judgment motion or were otherwise moving for the entry of a summary judgment in their favor.[3] The trial court’s order granting the summary-judgment motion does not indicate that it was intended to apply to any party other than Taylor, the party who had sought the judgment.
We note that the case-action summary and the entries in the State Judicial Information System relating to this action indicate that, on June 8, 2010, the date of the entry of the summary judgment, the action was disposed of in its entirety by settlement. However, there is no indication of the entry of a judgment that would have actually caused the case to be “disposed” of as to all the defendants, and there is no indication that any of the parties entered into a settlement agreement causing the termination of the plaintiffs’ action. In the absence of a judgment that, by its terms, applied to all the defendants, we will not construe the notation on the case-action summary or in the State Judicial Information System that the action was disposed of by settlement as equivalent to the rendition and entry of a judgment in favor of all the defendants. See Rule 58, Ala. R. Civ. P. (setting forth the manner in which judgments are to be rendered and entered); Knoedler v. Blinco, 50 So.3d 1047, 1050 (Ala.2010) (holding that the trial court’s judgment was not a final judgment because counterclaims remained pending, despite indication in the case-action summary that action had been disposed of in its entirety); and Warren v. Wester, 796 So.2d 377, 379 (Ala.Civ.App.2001) (holding that the entry in the case-action summary indicating that the action had been disposed of did not, of itself, “adjudicate any *262 claims as to any parties,” and concluding that, despite that entry, claims remained pending against certain defendants).
Because the summary judgment did not resolve the plaintiffs’ claims against all the defendants and because the trial court did not certify its judgment as final pursuant to Rule 54(b), the summary judgment in favor of Taylor was not a final judgment capable of supporting this appeal. As a result, this court is required to dismiss the appeal. See Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ.App.1997) (“ ‘When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.’ ” (quoting Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974))).
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. Big Island, L.L.C., Federal Land Bank Association of South Alabama, FLCA, Jane Boyle, the State of Alabama, and the Alabama Department of Revenue were also named as defendants, but the plaintiffs filed notices of dismissal of their claims against those defendants and those defendants were dismissed from the action.

. Because the plaintiffs alleged that they claimed an interest in the property that was the subject of the prior litigation, (hat they had not been made parties to that litigation, and that they were seeking to have the judgment in the prior litigation set aside pursuant to Rule 60(b), we construe the plaintiffs’ claims as asserting that the judgment in the prior litigation was void for failure to join indispensable parties. See Johnston v. White-Spunner, 342 So.2d 754, 759 (Ala.1977) (“In an action where the final decree affects title, ownership, or interest in real property each possessor of title, ownership or interest must be made a party to the action.... Rendering final judgment widiout jurisdiction over those indispensable parties renders that judgment void.").

. Even if this court were to conclude that the Campbell defendants' filings relative to the summary-judgment motion constituted an implicit joinder in that motion, there remained several other defendants who had been served with process and who had never filed anything related to Taylor’s summary-judgment motion.