On Applications for Rehearing

THOMPSON, Presiding Judge.
In their applications for rehearing, the Campbell defendants, joined by Taylor, point out that, after this court dismissed this appeal on January 21, 2011, the trial court amended the case-action summary to reflect that the action had been disposed of by summary judgment, not by settlement. Thus, they argue, Warren v. Wester, 796 So.2d 377 (Ala.Civ.App.2001), on which this court relied in its opinion on original submission, is not applicable to this case.
In Warren, the trial court entered a summary judgment in favor of four defendants, and, like the case-action summary in this case, the case-action summary contained an entry for the same date the judgment was entered suggesting that the case had been disposed of by settlement. However, as in this case, there was nothing in the case-action summary reflecting that the trial court had actually entered an order disposing of the entire case, and, as in this case, the record did not contain an order disposing of any claims as to the remaining parties. Thus, this court concluded that the entry reflecting a disposition by settlement did not actually adjudicate any claims as to any parties, and we held that the unadjudicated claims remained pending in the trial court. 796 So.2d at 379.
It appears from the case-action summary in this case that on January 31, 2011, or February 1, 2011, the trial court amended the case-action summary by deleting the entries indicating that the case had been disposed of by settlement as to all the defendants; by noting that those entries had been made in error; by adding an entry that reads: “DISPOSED ON: 06/03/2010 BY (SUMMARY JUDGMT)”; and by adding the following statement: “THIS CASE WAS OFF INDEX BY SETTLE IN ERROR THEN CORRECTED BY TO BE (sic) OFF INDEX WITH SUMMARY JUDGMENT ON 06/04/2010.” (Capitalization in original.)
For the reasons expressed in Warren relative to the lack of an actual order disposing of the case, we are not convinced that the trial court’s new entries in the present case are sufficient to constitute the rendition and entry of a summary judgment in favor of all the defendants. However, even assuming that the new entries in the case-action summary, added after the entry of this court’s judgment, would be sufficient to accomplish the task of rendering and entering a summary judgment in favor of all the defendants, the trial court was without jurisdiction to make such entries in the case-action summary.
As we concluded in our opinion on original submission, at the time this court entered its judgment the notations in the *263 case-action summary were insufficient to constitute the rendition and entry of a judgment in favor of at least some of the defendants. When, a little more than a week later, the trial court purported to amend the case-action summary to reflect disposition of the case by summary judgment, the trial court was without jurisdiction over the case. As this court stated in Veteto v. Yocum, 792 So.2d 1117, 1118-19 (Ala.Civ.App.2001):
“A * “judgment of [a Court of Appeals] is not a final judgment until that court issues a certificate of judgment, and an application for rehearing in that court and a petition in [the supreme court] for writ of certiorari stay the issuance of that certificate.”’ Ex parte Tiongson, 765 So.2d 643, 643 (Ala.2000) (quoting Jackson v. State, 566 So.2d 758, 759 n. 2 (Ala.1990), and citing Rule 41, Ala. R.App. P.).... The trial court had no jurisdiction to enter any order or judgment until after this court issued its certificate of judgment on July 10, 2000. The trial court’s June 28, 2000, judgment dismissing Veteto’s action was void because the trial court had no jurisdiction.”
In the present case, at the time the trial court made its additional entries in the case-action summary, it had not been reinvested with jurisdiction because this court had not issued a certificate of judgment. Thus, the trial court was not permitted to amend the case-action summary in such a manner as to expand the scope of its summary judgment to include parties other than Taylor, the only party within the scope of the trial court’s summary judgment at the time of the appeal in this case.
We recognize, of course, that a trial court may, pursuant to Rule 60(a), Ala. R. Civ. P., correct clerical mistakes at any time, even when a case is on appeal. However, Rule 60(a) “cannot be used to modify or enlarge a judgment nor to make the judgment say something other than what was originally pronounced.” Michael v. Michael, 454 So.2d 1035, 1037 (Ala.Civ.App.1984). In the present case, the only judgment contained in the record at the time of the appeal was a summary judgment entered in favor of Taylor. The trial court was not permitted under Rule 60(a) to expand the scope of that judgment to include all the remaining defendants under the guise of correcting a clerical error. Thus, we conclude that, even if the trial court’s amendment of the case-action summary could be construed as the rendition and entry of a summary judgment as to all the parties, such an amendment would not be permitted.
We have reviewed the remaining arguments the Campbell defendants and Taylor raise on application for rehearing, and we conclude that they are without merit. As a result, their applications are due to be, and are hereby, overruled.
APPLICATIONS OVERRULED.*
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

 Note from the reporter of decisions: On March 25, 2011, the Court of Civil Appeals overruled the applications for rehearing filed on February 3, 2011, and February 4, 2011, without opinion. On April 15, 2011, that court recalled the certificate of judgment it had issued on April 13, 2011, and ex mero motu set aside the decision of March 25, 2011, and placed the case on rehearing.