PITTMAN, Judge.
On September 11, 2007, the Covington Circuit Court entered a “Judgment of Divorce” in case no. DR-06-806, purporting to divorce D.M.P.C.P. (“the mother”) and T.J.C., Jr. (“the father”); to divide their marital assets and debts; to reserve the issues of custody, support, and visitation regarding the parties’ minor child, T.J.C. Ill, until the conclusion of the criminal proceedings then pending against the father for sexual abuse of S.G., the mother’s minor child by a former marriage; and to direct the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. The circuit court further awarded pendente lite custody of T.J.C. Ill to the mother, granted the father visitation rights, ordered the father to pay pendente lite child support, and “reserved jurisdiction to hold ... further hearings ... upon written motion of either party.”
In January 2009, the father sought a hearing on the reserved issues of custody, support, and visitation, alleging that he had been acquitted of the criminal offense. Following ore tenus proceedings, the circuit court entered a “Final Decree Concerning Child Custody, Visitation, and Support” on July 30, 2010, awarding custody of T.J.C. III to the father; ordering the mother to pay child support; determining that the father was in arrears in the payment of pendente lite child support; and reserving jurisdiction to “set the exact amount thereof in some future proceedings.”
On September 2, 2009, after the father had requested a hearing on the reserved issues of custody, support, and visitation but before the hearing was held in February 2010, the mother filed an emergency petition to modify the father’s visitation rights. Her petition was docketed as case no. DR-06-306.01. The circuit court ultimately dismissed that petition, concluding that the issues raised therein were moot in light of its July 30, 2010, order. Although the mother’s notice of appeal indicates that she is appealing orders entered in both case no. DR-06-306 and case no. DR-06-306.01, the circuit court’s July 30, 2010, order renders the matters raised in case no. DR-06-306.01 moot.
Because the circuit court’s failure to adjudicate the amount of the father’s child-support arrearage renders the July 30, 2010, order from which the mother has appealed nonfinal, we must dismiss this appeal. See Trousdale v. Tubbs, 929 So.2d 1020, 1022-23 (Ala.Civ.App.2005), in which this court stated:
“ ‘An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). ‘The issue of whether a judgment is final is jurisdictional.’ Hardy v. State ex rel. Chambers, 541 So.2d 566, 567 (Ala.Civ. App.1989). Matters of jurisdiction are of such importance that a court may consider them ex mero motu. Bacadam Outdoor Adver., Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App.1998) (citing Nunn v. Baker, 518 So.2d 711 (Ala. *77 1987), and Wallace v. Tee Jays Mfg. Co., 689 So.2d 210 (Ala.Civ.App.1997)). When an appellate court determines that an order from which an appeal is taken is not final and will not support an appeal, that court must dismiss the appeal on its own motion. Hardy v. State ex rel. Chambers, supra.
“In this case, the trial court has yet to rule with regard to the issue of a child-support arrearage; therefore, the ... order from which the mother appealed is not a final judgment capable of supporting the appeal. Accordingly, we must dismiss this appeal.”
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.