DONALDSON, Judge.
"An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties." Palughi v. Dow, 659 So.2d 112, 113 (Ala. 1995). Joenathan Clay ("the former husband") filed a notice of appeal from a judgment of the Dallas Circuit Court ("the trial court") regarding his liability to Ann Hatcher Clay ("the former wife") for a child-support obligation. Although the former husband contends that a statute of limitations bars the former wife from recovering against him, the judgment from which this appeal was taken is not sufficiently final to invoke our appellate jurisdiction. Therefore, we must dismiss the appeal.
Facts and Procedural History
On October 19, 1982, the trial court entered a default judgment divorcing the parties ("the 1982 judgment") in case number DR-82-207. The 1982 judgment granted the former wife custody of the parties' three children, who were minors at the time, granted visitation rights to the former husband, and ordered that the former husband pay $225 per month for the maintenance and support of the minor children.
On May 13, 2016, the former wife, through counsel, commenced an action in the trial court by filing a pleading titled "Wife's Motion to Show Cause." The pleading was assigned case number DR-82-207.01 In her pleading, the former wife alleged that the former husband had failed to make any child-support payments as ordered in the 1982 judgment and that he had "failed to give a[ ] valid reason for his failure to follow" the order to pay child support. The only relief sought by the former wife in her pleading was an order of the trial court requiring the former husband "to appear and show cause why *240 he has failed to pay the [c]ourt ordered monies."
On June 3, 2016, the former husband filed an answer in which he admitted that the parties had been divorced by the 1982 judgment and that he had been ordered to pay $225 per month in child support. The former husband also asserted in his answer that the parties' youngest son, C.C., had reached the age of majority on June 30, 1995, and that, therefore, the former wife's pleading was barred by the statute of limitations found in § 6-2-32, Ala. Code 1975, which provides: "Within 20 years, actions upon a judgment or decree of any court of this state, of the United States, or of any state or territory of the United States must be commenced."
A trial was held on September 19, 2016. Testimony established that the parties had three children during the marriage, the youngest of whom had reached the age of majority on June 30, 1995. The former husband testified that he had not been aware that he had been ordered to pay $225 per month in child support in the 1982 judgment until the former wife filed her "Motion to Show Cause." The former husband testified that the former wife had never asked him for any child support and that he had never made any child-support payments.
The former husband testified that, although he had not paid child support, he had given an automobile to one of the parties' children. He also testified that he had given money to the parties' children, but not on a regular basis. The former wife testified that she had never received any child-support payments from the former husband. The former wife denied that the former husband had provided any gifts to the children. The former wife also testified that she had not, before this proceeding, sought to enforce the child-support obligation against the former husband. At the end of the testimony, counsel for the former husband argued that the former wife's claims were barred by the statute of limitations found in § 6-2-32.
On January 2, 2017, the trial court issued the following judgment:
"This matter came before the court for trial and the parties were represented by their counsel of record, and the evidence indicated as follows:
"1) That the parties were divorced pursuant to a Decree of Divorce dated October 19, 1982.
"2) That the [former husband] was not present at the hearing in 1982 and a Decree of Divorce by Default was entered against him.
"3) That the [former husband] testified he had no knowledge of the divorce hearing and/or decree entered against him.
"4) That the [former husband] testified he had no knowledge of the requirements to pay child support.
"5) That the [former wife] testified [the former husband] was aware and refused to pay the required support.
"Therefore, it is ordered, adjudged, and decreed, judgment is entered in favor of the [former wife] and against the [former husband] for $225.00 per month, commencing October 19, 1982."
On February 1, 2017, the former husband filed a motion seeking to have the trial court reconsider its January 2, 2017, ruling or, in the alternative, to alter, amend, or vacate the January 2, 2017, judgment pursuant to Rule 59(e), Ala. R. Civ. P.[1] In the former husband's motion, he again asserted that the former wife's "Motion to Show Cause" was untimely and *241 was barred by the 20-year statute of limitations found in § 6-2-32. On June 9, 2017, the former husband filed his notice of appeal to this court.[2]
Discussion
The only relief requested by the former wife in her pleading was an order of the trial court requiring the former husband to appear and "show cause why he has failed to pay" child support. We construe the former wife's pleading initiating the action as an attempt to hold the former husband in contempt.
"A former custodial parent may institute a contempt action to enforce a judgment for past-due child support against a noncustodial parent even after the child has reached the age of majority or has become emancipated. Court-ordered child-support obligations arise from the noncustodial parent's duty to support his or her children, and are, therefore, different in nature from ordinary judgments. Although, a child-support judgment may be collected in the same manner as any other judgment, see State Dep't of Human Resources ex rel. McGhee v. McGhee, 634 So.2d 573 (Ala. Civ. App. 1994), such a judgment may also be enforced through the use of a contempt proceeding."
Davenport v. Hood, 814 So.2d 268, 276 (Ala. Civ. App. 2000).
The January 2, 2017, judgment does not explicitly rule on the contempt claim of the former wife. Because the judgment noted that the former husband claimed to not have had knowledge of the child-support obligation and did not impose any sanctions on the former husband, it could be construed as finding that he was not in contempt. See Faellaci v. Faellaci, 67 So.3d 923, 925 (Ala. Civ. App. 2011) (finding an implicit denial of a contempt claim based on other indicia). But if the judgment is construed to deny the wife's contempt claim, the former husband would have no basis to appeal that portion of the judgment. "Generally, a party may appeal only an adverse ruling." Olson v. State, 975 So.2d 357, 359 (Ala. Civ. App. 2007).
Nevertheless, the trial court purported to enter an adverse ruling against the former husband by stating: "[J]udgment is entered in favor of the [former wife] and against the [former husband] for $225.00 per month, commencing October 19, 1982." Although the former wife did not ask the trial court to establish and enter a child-support-arrearage judgment against the former husband in her pleading or at trial, the trial court appears to have considered the evidence presented sufficient to determine that the former husband owes a child-support arrearage and to have considered and rejected the former husband's statute-of-limitations defense. We note that Rule 54(c), Ala. R. Civ. P., provides, in part: "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." "[T]his court [has] explained that Rule 54(c), Ala. R. Civ. P., authorizes a trial court to grant to a party the relief to which that party is entitled 'irrespective of the request for relief contained in the pleadings.' " Myers v. Myers, 206 So.3d 649, 651 (Ala. Civ. App. 2016) (quoting *242 Carden v. Penney, 362 So.2d 266, 268 (Ala. Civ. App. 1978) ).
The judgment does not, however, calculate the total amount of child support owed by the former husband with interest. "A child-support-arrearage judgment ... reflects a trial court's adding up existing final judgments for past-due child support (plus any interest that might be due)." Cochran v. Cochran, 5 So.3d 1220, 1246 n. 22 (Ala. 2008) (Murdock, J., concurring in the judgment of reversal, but dissenting as to the rationale and the instructions on remand).
"Alabama law requires that interest ... be applied to each installment of past-due child support. T.L.D. v. C.G., 849 So.2d 200, 204 (Ala. Civ. App. 2002) (citing Ala. Code 1975, § 8-8-10 ). " '[A] trial court with jurisdiction over proceedings to enforce an earlier child-support judgment is without authority to waive the imposition of statutorily imposed postjudgment interest upon such payments.' " T.L.D., 849 So.2d at 204 (quoting Walker v. Walker, 828 So.2d 943, 945 (Ala. Civ. App. 2002) ); see also State ex rel. Pritchett v. Pritchett, 771 So.2d 1048, 1051 (Ala. Civ. App. 2000).
" 'Under Alabama law, child-support payment "installments become final judgments as of the date due." Osborne v. Osborne, 57 Ala. App. 204, 206, 326 So.2d 766, 767 (Ala. Civ. App. 1976). Because "judgments for the payment of money bear interest from the date of rendition" "it follows that such [child-support] judgments would bear interest from due date." Osborne, 57 Ala. App. at 206, 326 So.2d at 767. Therefore, to properly calculate interest on an arrearage, one would have to compute the interest due on each installment from its due date. Id. '
" Hollen v. Conley, 840 So.2d 921, 924 (Ala. Civ. App. 2002)."
Corwin v. Corwin, 29 So.3d 913, 914 (Ala. Civ. App. 2009).
Without a calculation of the amount owed together with interest, the January 2, 2017, judgment does nothing more than restate the obligation of the former husband contained in the 1982 judgment. Because the trial court's failure to adjudicate the amount of the former husband's child-support arrearage renders the January 2, 2017, judgment from which the former husband has appealed nonfinal, we must dismiss this appeal. See D.M.P.C.P. v. T.J.C., Jr., 91 So.3d 75, 76-77 (Ala. Civ. App. 2012) (citing and quoting Trousdale v. Tubbs, 929 So.2d 1020, 1022-23 (Ala. Civ. App. 2005) ); see also Stallworth v. Stallworth, [Ms. 2150942, Aug. 4, 2017] --- So.3d ----, ---- (Ala. Civ. App. 2017) (appeal dismissed where a trial court ordered a husband to pay unpaid installments of temporary support that had accrued but did not determine the number of such installments or the amount of temporary support owed to the wife). We cannot reach the issue whether § 6-2-32 would bar the former wife's action against the former husband because the judgment is not final and subject to appellate review. "The question whether an order is a final order may be phrased as whether there is 'something more for the court to do.' Wesley v. Brandon, 419 So.2d 257 (Ala. Civ. App. 1982)." Owens v. Owens, 739 So.2d 511, 513 (Ala. Civ. App. 1999). We have no jurisdiction to review the nonfinal judgment and must, therefore, dismiss the appeal.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

Because the January 2, 2017, judgment is not final and appealable, Rule 59, Ala. R. Civ. P., is not applicable. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003).

The trial court did not rule on the former husband's February 1, 2017, motion. If the January 2, 2017, judgment was final and appealable, the former husband's February 1, 2017, motion would be subject to the provisions of Rule 59.1, Ala. R. Civ. P., and would have been deemed denied on May 2, 2017, and the former husband would have had 42 days from that date, or until June 13, 2017, to appeal. See Rule 4(a)(3), Ala. R. App. P.