776 So.2d 753 (2000)
SCHNEIDER NATIONAL CARRIERS, INC.
v.
Kenneth A. TINNEY.
1982136.
Supreme Court of Alabama.
May 26, 2000.
Rehearing Denied July 28, 2000.
John W. Clark, Jr., and Joseph E. Stott of Clark & Scott, P.C., Birmingham, for appellant.
R. Ben Hogan III and J. Lee Roberts, Jr., of Hogan, Smith & Alspaugh, P.C., Birmingham, for appellee.
HOUSTON, Justice.
This case involves the failure of a safety device known as a "rear-impact guard" that was attached to a cargo trailer owned by Schneider National Carriers, Inc. ("Schneider"). On April 17, 1995, Kenneth Tinney was driving an automobile on Interstate Highway 20 when he rear-ended the cargo trailer owned by Schneider. The rear-impact guard failed, and Tinney was injured.
Tinney sued Schneider. (He also sued Alfa Mutual Insurance Company and Wabash National Corporation ("Wabash"). Neither of those defendants is a party to this appeal.) The gravamen of his complaint was that the rear-impact guard had not been reasonably maintained. Schneider moved for a summary judgment. The trial court delayed ruling on the motion until discovery was completed, which was almost seven months after the court had *754 heard oral argument on the motion. After discovery had been completed, Tinney did not oppose the summary-judgment motion; the trial court entered a summary judgment in favor of Schneider on November 9, 1998. That summary judgment read:
"Motion for Summary Judgment was filed on behalf of defendant Schneider National Carriers on March 3, 1998. Same was argued at length on April 13, 1998, at which the plaintiff was given additional time to develop facts in support of [his] case. Plaintiff now has taken the deposition of a representative of Schneider and has furnished nothing in opposition to the defendant Schneider's Motion for Summary Judgment.
"Motion for Summary Judgment is hereby granted as to all claims made by the plaintiff against the Defendant, Schneider National Carriers, Inc. The Court expressly finds that the claims which could be presented by the plaintiff against Schneider were significantly different than those claims that the plaintiff could present against the defendant Wabash National Corporation which [deal] specifically with the design defect as to a bumper allegedly manufactured by Wabash. It is clear from the summary judgment motion that the defendant Schneider National Carriers, had nothing to do with the design or manufacture of the bumper.
"Therefore, the Court determines, pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, the judgment herein is expressly made a final judgment in favor of the defendant Schneider National Carriers and against the Plaintiff."
Tinney continued his action against Alfa and Wabash. On May 21, 1999, Tinney moved to reinstate Schneider as a defendant. The factual basis of the motion was newly discovered evidence. The legal basis of the motion was that the trial court's November 9, 1998, order had not been made a final order because the judge had not used the words "no just reason for delay" in the concluding sentence of the summary judgment, quoted above. Tinney contended that Rule 54(b), Ala. R. Civ. P., required that the judge use those exact words to make an order final under Rule 54(b). On September 1, 1999, almost 10 months after it had entered the summary judgment, the trial court granted the motion to reinstate Schneider, explaining its action in an amended order:
"This Court's ruling is based upon the finding that this Court's previous Order granting summary judgment on November 9, 1998 did not contain the necessary language that `there is no just reason for delay of the entry of final judgment.'
"As the November 9, 1998 Order was insufficient so as to be considered final pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, the Court finds that it is within its discretion to set aside that November 9, 1998 Order and reinstate the claims of plaintiff against Schneider National Carriers, Inc."
Schneider appeals the trial court's September 1, 1999, order reinstating it as a defendant. Schneider argues that the November 9, 1998, order was a final judgment.
The pertinent portion of Rule 54(b) provides:
"[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the ... parties only upon an express[1]determination[2] that there is no just reason for delay and upon an express direction for the entry of judgment."
(Emphasis added.)
In Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Construction Co., 466 So.2d 83 *755 (Ala.1985), this Court held that the following language, which concluded two summary-judgment orders, made the two orders final pursuant to Rule 54(b) even though the language did not mention Rule 54(b) and even though it stated no "express direction" for the entry of final judgments: "The Court further finds there is no just reason for delay in the entry of said final judgment." 466 So.2d at 87. We held in Sho-Me that if it is clear and obvious from the language used by the trial court in its order that the court intended to enter a final order pursuant to Rule 54(b), then we will treat the order as a final judgment:
"Of course, Rule 54(b) requires `an express determination that there is no just reason for delay.' Each of these judgments contains the express language that `the Court further finds that there is no just reason for delay.' Moreover, Rule 54(b) requires `an express direction for the entry of judgment.' Each of these judgments contains the express language `[m]otion for summary judgment granted,' and both continue, `there is no just reason for delay in the entry of said final judgment.' (Emphasis added [in Sho-Me]).
"Apparently [the appellee] contends that these entries were fatally deficient for the absence of the word `directs' from the language used to grant summary judgment. We cannot agree with such an interpretation. In Foster v. Greer & Sons, Inc., 446 So.2d 605, 609 (Ala.1984), this Court announced:
"`The adoption of our rules of civil procedure, which provide for the liberal joinder of claims and parties, created the need for a vehicle to allow an appeal from an order which does not adjudicate the entire case but as to which there is no just reason for delay in the attachment of finality. Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975). Rule 54(b) is that vehicle. It allows the court to enter a final judgment immediately if, under the circumstances, to wait until the entire case is decided would create injustice. Its non-use or improper use can lead to the kind of problems encountered in this case and can create, rather than eliminate, unnecessary delay.'
"`In light of the purpose behind Rule 54(b), we take this opportunity to announce a new procedure in this Court. When it appears from the record that the appeal was taken from an order which was not final, but which could have been made final by a Rule 54(b) certification, we will remand the case to the trial court for a determination as to whether it chooses to certify the order as final, pursuant to Rule 54(b), and if it so chooses, to enter such an order and to supplement the record to reflect that certification.'
"In this case, from a reading of the language used, the order entered appears to be a final order under Rule 54(b) and it obviously was so intended. The motion of [the appellee] to dismiss this appeal is denied."
466 So.2d at 87-88.
In this present case, the trial court specifically cited Rule 54(b) as its ground for "expressly" making the summary judgment final. By citing Rule 54(b), the trial court implicitly incorporated the language of Rule 54(b) into its order. It would take a tortured and biased reading of the trial court's summary-judgment order to find anything but an express intent to make the order final under Rule 54(b). We are not generally approving the omission of language stating that the court has made "an express determination that there is no just reason for delay," because Rule 54(b) explicitly calls for such a determination. However, to say the determination is absent in this case would exalt form over substance, given the quoted portion of the trial court's order. Nonetheless, the better practice is for the trial court's order to speak to the point directly. Nothing in Rule 54(b) requires findings to buttress the conclusion "that there is no just reason *756 for delay." All that is required is an "express determination."[3] Therefore, the trial court's November 9, 1998, summary-judgment order was a final judgment pursuant to Rule 54(b).
Pursuant to Rule 60(b), Ala. R. Civ. P., Tinney had four months to seek relief from the November 9, 1998, final judgment, on the grounds of newly discovered evidence. Tinney did not seek such relief until more than six months after the final judgment had been entered. Therefore, the trial court was jurisdictionally barred from reinstating Schneider as a defendant.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, COOK, SEE, LYONS, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
In reversing, we are further eroding the formal requirements for the entry of a final Rule 54(b) judgment. In this case, the summary judgment neither recited nor explained that "there is no just reason for delay." Thus it was merely interlocutory and subject to revision, as the trial judge revised it. We should affirm.
The purpose of the formal requirements is to ensure that the trial judge has considered and has found the criteria for the entry of a final Rule 54(b) judgment. See 10 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2659 at 114. See also Justice Lyons's special concurrence in Ex parte King, 776 So.2d 31, 37 (Ala.2000), and Precision American Corp. v. Leasing Service Corp., 505 So.2d 380 (Ala.1987). In Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996), the Court of Civil Appeals explains:
"Appellate review in a piecemeal fashion is not favored, and trial courts should certify a judgment as final, pursuant to Rule 54(b), only in a case where the failure to do so might have a harsh effect. 10 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2659, at 99. Consequently, a party who seeks immediate appellate review of a judgment which does not adjudicate all of the claims and/or all of the parties must make a showing as to why it is necessary that appellate review of that particular judgment be conducted prior to adjudication of the entire case. 10 C. Wright et al., Federal Practice and Procedure: Civil 2d § 2659, at 100.
"In addition, the trial court, in its order, should list the factors which it considered in reaching its decision regarding whether to certify the judgment, pursuant to Rule 54(b), in order that the appellate court is better equipped to review the trial court's action. 10 C. Wright et al., Federal Practice and Procedure: Civil 2d § 2659, at 114.
"Stated another way, in making the determination as to whether a judgment *757 should be certified under Rule 54(b), the trial court should consider any factor that is relevant to that particular case and should list the factors considered in making its determination. The trial court should consider all factors, in addition to the fact that multiple parties and/or multiple claims were involved, that there has been a final decision as to one of the claims and/or the rights and responsibilities of one of the parties, and that there is `no just reason for delay.' The trial court should indicate why it considers that there is `no just reason for delay.' Hereafter, if a trial court should fail to list the factors considered, then the case will be returned so that the trial court can list those factors."
(Emphasis added.)
Rule 54(b) is clear, sensible, and easy. Why not follow it?
NOTES
[1] The word "express" is defined as: "Clearly and unmistakably communicated; directly stated." Black's Law Dictionary 601 (7th ed.1999).
[2] The word "determination" is defined as: "A final decision by a court or administrative agency." Black's Law Dictionary 460 (7th ed.1999).
[3] The Court of Civil Appeals held in Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996): "The trial court should indicate why it considers that there is `no just reason for delay.' Hereafter, if a trial court should fail to list the factors considered, then the case will be returned so that the trial court can list those factors." Rule 54(b) does not require a trial court to list the factors it considered in finding that there is no just reason for delay. To the extent that Brown conflicts with Rule 54(b), Brown is overruled. Nevertheless, the trial court in this case complied with Brown by explaining in the second paragraph of its November 9, 1998, order:

"The Court expressly finds that the claims which could be presented by the plaintiff against Schneider were significantly different than those claims that the plaintiff could present against the defendant Wabash National Corporation which [deal] specifically with the design defect as to a bumper allegedly manufactured by Wabash. It is clear from the summary judgment motion that the defendant Schneider National Carriers, had nothing to do with the design or manufacture of the bumper."