Sara Jean Collins appeals the trial court's striking two counts of her complaint in a medical-malpractice action. We reverse and remand.
In March 1998, Collins was examined by Doctor Wallace B. McGahan in Barbour County after experiencing pain in her left side. Dr. McGahan informed Collins that she had a three-centimeter cyst on her left ovary and that her uterus was enlarged; he referred her to Dr. Winston M. Ashurst for further treatment. On April 6, 1998, Dr. Ashurst performed surgery on Collins; that surgery included an abdominal hysterectomy and the removal of Collins's right ovary, although the diagnosis called for the removal of her left ovary.
On March 31, 2000, Collins sued Dr. Ashurst and Alabama Physicians for Women ("the defendants"), and fictitiously named defendants, seeking damages for Dr. Ashurst's removal of the wrong ovary. Collins's complaint contained three counts: Count I, entitled "Medical Malpractice"; Count II, entitled "Assault and/or Battery"; and Count III, entitled "Trespass to Person." On May 1, 2000, the defendants filed a motion to dismiss. That motion was pending when this appeal was filed on February 6, 2001. On May 17, 2000, the defendants filed a motion to strike, seeking: (1) to strike Alabama Physicians for Women as a defendant, stating that the correct corporate name of Dr. Ashurst's professional association was "Physicians for Women, P.C."; and (2) to strike Count II ("Assault and/or Battery"), and Count III ("Trespass to Person"), from Collins's complaint, on the ground that the Alabama Medical Liability Act of 1987, §§ 6-5-540 et seq., Ala. Code 1975 (the "AMLA"), allowed only the count alleging medical malpractice.
On May 20, 2000, the trial court granted the defendants' motion to strike, but allowed Collins 10 days in which to file an objection. Collins filed an objection to the defendants' motion to strike on May 26, 2000. On December 28, 2000, the trial court entered an order. That order stated:
 "This matter is before the court on defendants' motion to strike Counts II and III of the plaintiff's complaint and the plaintiff's response thereto. Counsel for both parties appeared before this Court for argument on July 14, 2000.
 "The defendants claim that the plaintiff's complaint is an action against a physician and is therefore governed by Ala. Code, § 6-5-542(2) of the Medical Liability Act of 1987. Section 6-5-542(2) provides that:
 "`(2) STANDARD OF CARE. The standard of care is that level of such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in like cases. A breach of the standard of care is the failure by a health care provider to comply with the standard of care, which failure proximately causes personal injury or wrongful *Page 175 
 death. This definition applies to all actions for injuries or damages or wrongful death whether in contract or tort and whether based on intentional or unintentional conduct.'
 "Defendants argue that pursuant to 6-5-542(2), only Count I of plaintiff's complaint is cognizable under the Medical Liability Act, and that Counts II and III alleging assault and battery and trespass are due to be dismissed.
 "The plaintiff admits that this action arises out of a physician-patient relationship and must comply with the requirements of the Medical Liability Act, but plaintiff argues that her complaint is in compliance with the Act. Plaintiff claims that the Medical Liability Act did not abolish different causes of action against medical practitioners nor did it abolish the right to file claims under different theories.
 "The basic question before the court is as follows: In cases where the Medical Liability Act is applicable does the Medical Liability Act only allow a cause of action for `medical malpractice' and prohibit any other causes of action, such as assault and battery, trespass, or otherwise? The court is of the opinion that the Medical Liability Act governs all actions against physicians and as such a plaintiff may state a claim for medical malpractice only and no other. Therefore, upon consideration of the pleadings and argument of counsel the court is of the opinion that the defendants' motion to strike Counts II and III of the plaintiff's complaint is due to be granted.
 "The court expressly directs entry of judgment in favor of defendants by dismissing Counts II and III of the plaintiff's complaint and further makes a specific and express determination that there is no just reason for delay and that said judgment shall be entered as a final judgment pursuant to Rule 54(b) of the Ala.R.Civ.P. The factors that the court considered in making this determination are, (1) that there do not appear to be appellate cases exactly on point with the issue herein decided, (2) this is not an isolated issue, (3) that the elimination of the multiple claims in plaintiff's complaint may effect evidentiary and discovery matters and need to be resolved before completion of discovery and trial. Therefore it is necessary to resolve this issue prior to trial."
The issue presented by this appeal is whether the trial court correctly determined that the AMLA provides a cause of action for medical malpractice only, precluding all other causes of action, including Collins's claims alleging assault and battery and trespass. By striking Counts II and III of Collins's complaint, the trial court effectively entered a partial summary judgment for the defendants as to those counts, and the trial court certified that partial summary judgment as final for purposes of appeal, pursuant to the requirements of Rule 54(b), Ala.R.Civ.P. The trial court's certification is sufficient to bring the case before this Court for review. Schneider Nat'l Carriers,Inc. v. Tinney, 776 So.2d 753 (Ala. 2000).
Our review of a summary judgment is de novo.
 "In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was `entitled to a judgment as a matter of law.' Wright v. Wright, 654 So.2d 542 (Ala. 1995); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the *Page 176 
 burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359
(Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)."
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala. 1997).
At the outset, we note that the AMLA recognizes the possibility that more than one type of action may be brought under that act. Specifically, the definitions section, § 6-5-542, which the trial court interpreted to allow only one cause of action, i.e., medical malpractice, states, in pertinent part, that "[t]his definition [for `standard of care'] applies to all actions for injuries or damages or wrongful death whether in contract or tort and whether based onintentional or unintentional conduct." (Emphasis added.) Thus, the AMLA envisions both tort claims and contract claims, based on either intentional or unintentional conduct. This particular section provides the applicable standard of care that governs all actions against the health-care providers specified in the act; it does not contain language that would lead to the conclusion that the only available cause of action, in contract or in tort, is medical malpractice. We note further that other sections of the AMLA also recognize that more than one type of action for medical malpractice may be brought.[1] Moreover, we note that this Court has accepted other causes of action, distinct from medical malpractice, as being governed by the AMLA. In Mock v. Allen,783 So.2d 828, 832 (Ala. 2000), this Court stated:
 "Over the years, this Court has been called upon to determine whether a number of cases filed against physicians and other health-care providers were, in fact, governed by the AMLA. We have held generally that `[c]laims alleging misrepresentations made during the course of a doctor-patient relationship are claims of malpractice and are governed by the AMLA.' Ex parte Sonnier, 707 So.2d 635, 638 (Ala. 1997) (citing Benefield v. F. Hood Craddock Clinic, 456 So.2d [52] at 54 [(Ala. 1984)]). This Court has also held that informed-consent claims brought against physicians and surgeons are governed by the AMLA. See Otwell v. Bryant, 497 So.2d 111 (Ala. 1986); Fain v. Smith, 479 So.2d 1150 (Ala. 1985). Furthermore, this Court has held that claims brought against health-care providers purporting *Page 177 
 to be claims under the Alabama Extended Manufacturer's Liability Doctrine (`AEMLD') are governed by the AMLA, when the act forming the basis of the patient's claims occurred during the course of the treatment and constituted the treatment sought from the health-care provider. Mobile Infirmary v. Delchamps, 642 So.2d 954, 956-57 (Ala. 1994) (two-year statute of limitations contained in the AMLA applied to a patient's action against a health-care provider for damages under the AEMLD arising out of the surgical placement of a temporomandibular implant in her jaw)."
Therefore, based upon the clear language of the AMLA, we hold that the trial court erred in determining that the AMLA allows for only one cause of action, and, consequently, in striking Collins's counts for assault and battery and trespass. The trial court's judgment is therefore reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and See, Brown, and Stuart, JJ., concur.
[1] Upon a review of the AMLA, we find that the act, as first written in 1975, § 6-5-540 et seq., contemplated the maintenance of more than one type of action by referring to actions "based on contract or tort" in § 6-5-482(a). The 1987 supplemental statutes, in addition to the statute considered by the trial court, continued to recognize more than one cause of action in §§ 6-5-543, -544, -546, -547, -548, -549, -550 (creating an additional cause of action for malicious prosecution), and -551. The AMLA contains no section similar to that found in §6-5-573, a part of the Alabama Legal Services Liability Act, which creates "only one form and cause of action . . . known as the legal services liability action."