THOMAS, Judge.
This proceeding arises from an inter-pleader action, initiated by Wilson, Dillon, Pumroy, & James, L.L.C. (“the escrow agent”), in the Calhoun Circuit Court. Larry Ginsburg and Leonard Goldschein entered into a purchase and sale agreement (“the purchase agreement”) with Mountain Pointe Development Group, L.L.C. (“Mountain Pointe”), regarding the purchase of certain real estate. Pursuant to the purchase agreement, Ginsburg and Goldschein deposited $25,000 of earnest money with the escrow agent. The purchase of the real property was never completed, and a dispute arose between Ginsburg and Goldschein, on the one hand, and Mountain Pointe, on the other hand, as to who was entitled to the earnest money. As a result, the escrow agent instituted the underlying interpleader action and deposited the money with the trial court.
On September 9, 2009, Ginsburg and Goldschein moved the trial court for a partial summary judgment against Mountain Pointe. Ginsburg and Goldschein alleged that Mountain Pointe had admitted, by failing to respond to requests for admissions made pursuant to Rule 36, Ala. R. Civ. P.,[1] that it had been given proper notice regarding a demand for the return of the earnest money under the purchase agreement. Ginsburg and Goldschein requested that the trial court enter a judgment awarding them the $25,000 in earnest money that Mountain Pointe had refused to refund.
The trial court, on June 16, 2010, entered a partial summary judgment in favor of Mountain Pointe, awarding it the $25,000 in earnest money. The partial-summary-judgment order stated that “[t]his order is hereby made find [sic] pursuant to Rule 54(b), A.R.C.P.” On June 23, 2010, Ginsburg and Goldschein filed a postjudgment motion, requesting that the trial court set aside the June 16, 2010, partial summary judgment because, they stated, Mountain Pointe had not only not sought a judgment in its favor but had agreed at the summary-judgment hearing that Ginsburg and Goldschein were entitled to a summary judgment in their favor.
On October 26, 2010, Ginsburg and Goldschein filed a motion seeking to have their postjudgment motion set for a hearing. In that motion, they referenced an August 17, 2010, status hearing, at which, they alleged, the trial court had agreed to set the motion for a hearing. Notably, the postjudgment motion had been denied by operation of law on September 21, 2010. See Rule 59.1, Ala. R. Civ. P.[2] The trial *414 court did not set a hearing as requested by the October 26, 2010, motion or otherwise act on the motion.
On May 4, 2011, Ginsburg and Gold-schein filed a Rule 60(b)(6), Ala. R. Civ. P., motion to set aside the June 16, 2010, partial summary judgment in favor of Mountain Pointe. In that motion, they argued (1) that the partial summary judgment had not been properly certified as final pursuant to Rule 54(b), Ala. R. Civ. P.; (2) that the partial-summary-judgment motion had been filed by Ginsburg and Goldschein and not by Mountain Pointe, which had not filed a motion seeking a partial summary judgment; and (8) that the previous trial judge, who had since left the bench, had represented that he had intended to set the June 28, 2010, post-judgment motion for a hearing. On May 10, 2011, the trial court granted Ginsburg and Goldschein’s motion and set aside the June 16, 2010, partial summary judgment.
On May 19, 2011, Mountain Pointe filed this petition for a writ of mandamus, arguing that the trial court could not set aside the June 16, 2010, partial summary judgment because it lacked jurisdiction to do so. Mountain Pointe argues that the June 16, 2010, partial summary judgment was a final judgment, having been certified as a final judgment by reference to Rule 54(b); that Ginsburg and Goldschein’s June 23, 2010, motion was a postjudgment motion filed pursuant to Rule 59, Ala. R. Civ. P., which was denied by operation of law pursuant to Rule 59.1; and that the only remedy available to Ginsburg and Gold-schein was to appeal the partial summary judgment within 42 days of the denial of their June 23, 2010, postjudgment motion by operation of law. See Rule 4(a)(1) and (3), Ala. R.App. P. (requiring that a notice of appeal be filed within 42 days of the denial of a postjudgment motion).
In response, Ginsburg and Goldschein argue that the June 16, 2010, partial summary judgment was not properly certified as a final judgment. According to Ginsburg and Goldschein, the certification was not proper because such certifications should be granted only in exceptional cases and not routinely. As a companion argument, Ginsburg and Goldschein assert that the claims addressed in the partial summary judgment and unadjudicated claims are so interrelated as to preclude certification under Rule 54(b). Ginsburg and Goldschein further argue that the language used in the certification was not sufficient to certify the judgment as final under Rule 54(b) and the cases construing that rule.
Alternatively, Ginsburg and Goldschein argue that, if the partial summary judgment was properly certified as a final judgment, they sought relief from that judgment pursuant to Rule 60(b)(6), Ala. R. Civ. P., in their May 4, 2011, motion to set aside the judgment.[3] Rule 60(b)(6), Ginsburg and Goldschein state in their response to Mountain Pointe’s petition, “grant[s] the trial court broad discretion and authority to alter, amend or vacate its judgments, where equity and judicial integrity require such relief.” Thus, Ginsburg and Goldschein contend, the trial court properly exercised its jurisdiction to *415 set aside the June 16, 2010, partial summary judgment under Rule 60(b)(6).
Mountain Pointe, as the petitioner, must demonstrate that it has a clear legal right to have the trial court’s May 10, 2011, order setting aside the June 16, 2010, partial summary judgment set aside by this court. As we have explained:
“ ‘ “[Mjandamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Horton, 711 So.2d 979, 983 (Ala.1998).’ ”
Ex parte Builders & Contractors Ass’n of Mississippi Self-Insurer’s Fund, 980 So.2d 1003, 1006 (Ala.Civ.App.2007) (quoting Ex parte Alloy Wheels Int’l, Ltd., 882 So.2d 819, 821 (Ala.2003), overruled on other grounds by Ex parte DBI, Inc., 23 So.3d 635, 657 (Ala.2009)). We agree with Mountain Pointe that it is entitled to the relief it seeks because the trial court lacked jurisdiction to set aside its June 16, 2010, partial summary judgment. In order to explain the basis for our conclusion, we will discuss each of Ginsburg and Gold-schein’s arguments in opposition to Mountain Pointe’s petition for the writ of mandamus.
Ginsburg and Goldschein, relying on Fullilove v. Home Finance Co., 678 So.2d 151, 153 (Ala.Civ.App.1996), and Martin v. Phillips, 7 So.3d 1012, 1017 (Ala.Civ.App.2008), first challenge the effectiveness of the trial court’s Rule 54(b) certification. They say that the trial court’s certification was insufficient to certify the partial summary judgment as final because, they say, it failed to expressly declare that “there is no just reason for delay.” Indeed,
“[tjhere are three prerequisites for invoking Rule 54(b), [Ala.] R.Civ.P., to certify a judgment as a final, and therefore appealable, judgment: 1) there must be either multiple claims for relief or multiple parties involved, 2) there must be a final decision as to one of the claims or as to the rights and liabilities of one of the parties, and 3) the court must determine that there is no just reason for delay.”
Fullilove, 678 So.2d at 153.
However, the trial court’s failure to make an express finding that “there is no just reason for delay” does not, in and of itself, prevent the certification from being effective. Schneider Nat’l Carriers, Inc. v. Tinney, 776 So.2d 753, 755 (Ala.2000). In Tinney, our supreme court determined that a trial court’s certification of a summary judgment pursuant to Rule 54(b) was effective even where that certification failed to expressly state that “there [was] no just reason for delay.” Tinney, 776 So.2d at 755. The Tinney court, while indicating that it was not approving of the failure to include the specified language, stated that, “[b]y citing Rule 54(b), the trial court implicitly incorporated the language of Rule 54(b) into its order,” thus making the certification effective. Id. We conclude, therefore, consistent with Tin-ney, that the trial court’s specific reference to Rule 54(b) was sufficient to effect a certification of the partial summary judgment under that rule.
Ginsburg and Goldschein next challenge the propriety of the Rule 54(b) certification on the ground that the issue decided by the partial summary judgment and the remaining issues are so intertwined as to make certification improper. See, e.g., Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987) (holding that Rule 54(b) certification *416 is inappropriate in cases in which an adjudicated claim and a unadjudicated counterclaim are “so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results”); Hurst v. Cook, 981 So.2d 1143, 1148-51 (Ala.Civ.App.2007) (applying Branch). We need not consider the merits of this argument, however, because when a party aggrieved by a judgment certified as final pursuant to Rule 54(b) believes that the certification is improper, it must pursue an appeal of the judgment in order to challenge that certification. Allen v. Briggs, 60 So.3d 899, 904-05 (Ala.Civ.App.2010). A party acts at its own peril if it does not pursue a timely appeal from the certified judgment, and a later attempt to appeal from the certified judgment will result in a dismissal of that portion of the appeal. Allen, 60 So.3d at 905. Thus, we conclude that the Rule 54(b) certification of the partial summary judgment was effective and cannot now be challenged.
Finally, Ginsburg and Goldschein rely on the “ ‘grand reservoir of equitable power to do justice’ ” provided by Rule 60(b). Ex parte Robinson Roofing & Remodeling, Inc., 709 So.2d 444, 446 (Ala.1997) (quoting Hall v. Hall, 587 So.2d 1198, 1201 (Ala.1991)(Adams, J., dissenting)). Although such a “grand reservoir” may well exist under Rule 60(b), the cases construing Rule 60(b)(6) are clear that a motion made pursuant to that rule may not be used as a substitute for an appeal. Nowlin v. Druid City Hosp. Bd., 475 So.2d 469, 471 (Ala.1985).
“Rule 60(b)(6) is a residual clause to cover unforeseen contingencies. 7 J. Moore Federal Practice § 60.27[2] (1985). Considered an extraordinary remedy, Rule 60(b)(6) may not be used to relieve a party from his own failure to take an appeal, City of Daphne v. Caffey, 410 So.2d 8 (Ala.1981), and the provision may not be used to extend the time for appeal. Relief under Rule 60(b)(6) will be allowed only in unique situations where a party can show exceptional circumstances sufficient to entitle him to relief. Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala.1981).”
Nowlin, 475 So.2d at 471; see also Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993) (“Rule 60 is no substitute for an appeal and is not available to relieve a party from his failure to exercise the right of appeal.”); R.J. Reynolds Tobacco Co. v. Cantley, 717 So.2d 751, 759 (Ala.1998) (“Neither Rule 60(a) nor Rule 60(b)(6) may be used as a substitute for a timely appeal.”); and Bowen v. Bowen, 28 So.3d 9, 16 (Ala.Civ.App.2009) (quoting Williams v. Williams, 581 So.2d 1116, 1118 (Ala.Civ.App.1991), impliedly overruled on other grounds by Ex parte Billeck, 777 So.2d 105, 109 (Ala.2000)) (“To put it simply, ‘Rule 60(b)(6) is not available as a substitute for an appeal and may not be used to relieve a party from failure to exercise the right of appeal.’ ”).
Even from the scant information available to this court on mandamus review, it is apparent that Ginsburg and Goldschein failed to take the appropriate steps to safeguard their own interests. Instead of appealing the June 16, 2010, partial summary judgment after the trial court failed to rule on their postjudgment motion within the 90-day period prescribed by Rule 59.1, Ginsburg and Gold-schein, in October 2010, requested a hearing on the previously denied motion. When that request failed to provide them relief from the partial summary judgment, they waited until May 2011 to seek relief under Rule 60(b)(6). This case simply does not present exceptional circumstances warranting the exercise of the trial court’s discretion under Rule 60(b)(6).
*417 Because the trial court lost jurisdiction over the June 16, 2010, partial summary judgment after Ginsburg and Gold-schein’s postjudgment motion was denied by operation of law on September 21, 2010, and because the failure by Ginsburg and Goldschein to timely appeal the partial summary judgment and the denial of their postjudgment motion does not form a sufficient basis for the trial court’s exercise of discretion under Rule 60(b)(6), we conclude that the trial court improperly set aside the June 16, 2010, partial summary judgment. Accordingly, Mountain Pointe is entitled to the relief it seeks, and we grant the petition for the writ of mandamus and issue the writ. The trial court is directed to vacate its May 10, 2011, order setting aside the June 16, 2010, partial summary judgment.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Generally, when a party fails to respond to requests for admissions, a trial court may deem the matters addressed in those requests admitted. See, e.g., Bryant v. Robledo, 938 So.2d 413, 420 (Ala.Civ.App.2005) ("Pursuant to Rule 36(b), Ala. R. Civ. P., a matter is deemed admitted unless a written answer or objection is served within the applicable time frame_’’).

. Rule 59.1 reads:
"No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to render an order disposing of any pending post- *414 judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”

. Rule 60(b) reads, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.”