MOORE, Judge.
E.S.R., Jr. (“the father”), appeals from a judgment of the Madison Juvenile Court (“the juvenile court”) denying his motion to vacate a judgment dismissing his petition to terminate the parental rights of Y.L.T. (“the mother”). We affirm.

Background

On October 12, 2011, the father filed in the juvenile court a petition to terminate the parental rights of the mother to E.S.R. Ill (“the child”). After being served with the petition on May 16, 2012, the mother answered and filed a counterclaim on June, 14, 2012, seeking termination of the parental rights of the father to the child. The juvenile court set the case for trial on numerous occasions; however, at a hearing on September 9, 2013, the juvenile court indicated that it would dismiss the petition and the counterclaim for lack of subject-matter jurisdiction, which it did in a judgment entered on September 12, 2013.
The father timely appealed the judgment of dismissal to this court, which appeal was assigned appeal no. 2121106. On December 2, 2013, while that appeal was pending, this court granted the father leave to file, in the juvenile court, a Rule 60(b), Ala. R. Civ. P., motion to vacate the judgment of dismissal; the father filed his Rule 60(b) motion on December 3, 2013. The juvenile court conducted a hearing on *134 the Rule 60(b) motion on January 30, 2014. Before the juvenile court ruled on the motion, this court dismissed appeal no. 2121106 for lack of prosecution. See E.S.R. v. Y.L.T. (No. 2121106, Feb. 6, 2014), — So.3d — (Ala.Civ.App.2014) (table). On February 7, 2014, the juvenile court denied the father’s Rule 60(b) motion, but it purported to amend its September 12, 2013, judgment to add legal grounds for dismissing the petition and the counterclaim. On February 19, 2014, the father appealed the February 7, 2014, order to the Madison Circuit Court. On March 14, 2014, the juvenile court purported to amend its February 7, 2014, order nunc pro tunc. On April 7, 2014, the Madison Circuit Court transferred the appeal to this court. See Rule 28, Ala. R. Juv. P.

Analysis

In his Rule 60(b) motion, the father asserted that the juvenile court had erroneously dismissed his petition to terminate the parental rights of the mother based on a misunderstanding or misapplication of Alabama law regulating the subject-matter jurisdiction of a juvenile court. The father expressly premised his motion on Rule 60(b)(1), Ala. R. Civ. P., which provides that, “[o]n motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.” However, in City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala.1981), the supreme court authoritatively decided that Rule 60(b)(1) does not allow for a motion for “reconsideration of pure points of law.” 396 So.2d at 696. In his brief to this court, the father refers to some of the alleged legal errors committed by the juvenile court as “mistakes of fact,” but he describes solely errors of law and the misapplication of the law to the facts. Courts construe a motion “by its ‘essence’ and not by its nomenclature.” Young v. Southeast Alabama Med. Ctr., 148 So.3d 429, 431 (Ala.Civ.App.2013). The father has not stated a ground for relief under Rule 60(b)(1).
In his motion, the father also cited Rule 60(b)(6), Ala. R. Civ. P., which allows a trial court, upon motion, to set aside its judgment for “any other reason justifying relief from the operation of the judgment.” However, a mistake of law is not a ground for obtaining extraordinary relief from a judgment under Rule 60(b)(6); rather, it is a ground for seeking reconsideration of the judgment under Rule 59, Ala. R. Civ. P., see City of Birmingham v. City of Fairfield, supra, or for filing an appeal from the judgment. In fact, in this case, the father set out in his docketing statement to this court the same alleged legal errors of the juvenile that he raised in his Rule 60(b)(6) motion. Rule 60(b)(6) cannot be used as a substitute for an appeal. Ex parte Mountain Pointe Dev. Grp., L.L.C., 127 So.3d 411, 416 (Ala.Civ.App.2011). This court notified the father in an order dated January 17, 2014, that appeal no. 2121106 would be dismissed if he did not file a brief, but he failed to do so, resulting in the February 6, 2014, dismissal of that appeal. While allowing his appeal from the September 12, 2013, judgment to be dismissed for lack of prosecution, the father simultaneously asserted before the juvenile court that the same judgment should be vacated due to legal error. Rule 60(b)(6) is not designed to relieve a party from “his failure to exercise the right to appeal.” Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993). Thus, the father was not entitled to Rule 60(b)(6) relief.
Based on the foregoing, we conclude that the father did not present any valid *135 ground for vacating the judgment[1] and that the decision of the juvenile court to deny his Rule 60(b) motion was legally correct. See Rogers v. Penske Truck Leasing Co., 37 So.3d 780, 789 (Ala.Civ.App.2009) (“In reviewing a trial court’s judgment, we are not limited by the reasoning the trial court applied in reaching its judgment. Instead, we can affirm a trial court’s judgment if it was correct for any valid legal reason.”). In reaching that decision, we do not address the correctness of the underlying judgment, either in dismissing the father’s petition to terminate the parental rights of the mother or in dismissing the counterclaim of the mother to terminate the parental rights of the father, because those issues are not before us on appeal from the denial of the Rule 60(b) motion. See Ex parte Keith, 771 So.2d 1018, 1021 (Ala.1998). We, likewise, do not consider any alleged legal error committed in that part of the February 7, 2014, order that was an unauthorized substantive amendment of the September 12, 2013, judgment, see Campbell v. Taylor, 76 So.3d 258, 263 (Ala.Civ.App.2011) (“Rule 60(a)[, Ala. R. Civ. P.,]) ‘cannot be used to modify or enlarge a judgment nor to make the judgment say something other than what was originally pronounced.’ ” (quoting Michael v. Michael, 454 So.2d 1035, 1037 (Ala.Civ.App.1984))), or the March 14, 2014, order, which was entered without jurisdiction, see Cosper v. Holloway, 571 So.2d 302, 303 (Ala.Civ.App.1990) (trial court loses jurisdiction to amend its judgment after party files notice of appeal), both being without legal effect.
The judgment of the juvenile court is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.

. In his brief, the father cursorily argues that he was denied due process when the juvenile court did not allow him to speak when acting as his own counsel during the September 9, 2013, hearing. The father did not assert that argument in his Rule 60(b) motion, and, thus, we cannot consider it on appeal. See Antoine v. Oxmoor Preservation/One, LLC, 130 So.3d 1204, 1213 (Ala.Civ.App.2012).