DONALDSON, Judge,
dissenting.
I believe that the appeal should be dismissed because I do not believe that certifying as final under Rule 54(b), Ala. R. Civ. P., the order validating the prenuptial agreement would be appropriate in this case. Certification of an otherwise interlocutory order as final “should be reserved only for those exceptional circumstances in which normal appellate review would lead to harsh effects. See, e.g., Fuller v. Birmingham-Jefferson Cnty. Transit Auth., 147 So.3d 907 (Ala.2013); and Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996), overruled on other grounds, Schneider Nat’l Carriers, Inc. v. Tinney, 776 So.2d 753 (Ala.2000).” Williams v. Williams, [Ms. 2130615, Nov. 14, 2014] — So.3d —, — (Ala.Civ.App.2014)(Moore, J., dissenting). This case does not present an exceptional circumstance. It appears that the only matter remaining before the trial court in this case is to apply the terms of the prenuptial agreement and divorce the parties. “Hence, ... the only outstanding claim could have been adjudicated almost simultaneously with the [order on the antenup-tial agreement] so as to allow the entry of a final judgment without the need for a Rule 54(b) certification....” Williams, — So.3d at — (Moore, J., dissenting).
Further, requiring the entry of a final judgment of divorce following the determination that a prenuptial agreement is valid could also permit a party wishing to appeal issues related to the application of the terms of the prenuptial agreement to the marital estate to simultaneously raise those issues in an appeal that challenges the validity of the prenuptial agreement. Remanding this case to the trial court to certify the interlocutory order as final leaves any question regarding the application of the terms of the prenuptial agreement to another potential appeal. “Appellate review in a piecemeal fashion is not favored.... ” Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996). Therefore, I dissent.
MOORE, J., concurs.