Rel: September 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

_____

### SC-2024-0302
_____

## Anthony G. Brewer and Cassie Brewer

## v.

## Darryl Fairchild; Bank of America, N.A.; and Carrington Mortgage Services, LLC

### Appeal from Mobile Circuit Court
### (CV-22-900164)

SELLERS, Justice.

Anthony G. Brewer and Cassie Brewer appeal from a summary judgment entered in favor of Darryl Fairchild in Fairchild's ejectment

action commenced against them pursuant to § 6-6-280(b), Ala. Code 1975.

The Brewers also appeal from a summary judgment entered in favor of

Bank of America, N.A. ("BANA"), and Carrington Mortgage Services,

LLC ("Carrington"), on the Brewers' third-party claims against those

entities. We dismiss the appeal from those summary judgments because

a final judgment has not been entered in this case.

## I.  Facts

In October 2010, Anthony Brewer obtained a loan from DHI

Mortgage, Ltd., to purchase a house ("the property") located on Trophy

Court in Mobile.  Although Cassie Brewer was not a signatory to the loan

document, both she and Anthony executed the mortgage securing the

loan. The loan and the mortgage were ultimately transferred to BANA.

Anthony defaulted on the loan secured by the mortgage.  In December

2021, Carrington, acting as the loan-servicing agent for BANA, foreclosed

on the property, and Fairchild purchased the property at the foreclosure

sale.[1]  When the Brewers refused to surrender possession of the property,

---

[1]The record indicates that Anthony Brewer first fell behind on the loan payments in April 2015.  After that, BANA sent Anthony at least six loan-assistance applications, which he failed to complete. In September 2021, before foreclosing on the property, Carrington sent Anthony an itemized breakdown of the loan delinquency, disclosures informing him

Fairchild commenced an ejectment action against them in the Mobile Circuit Court. The Brewers answered, asserting as an affirmative defense to the ejectment action that the foreclosure sale was void and that Fairchild had, therefore, not acquired title to the property; they also asserted several counterclaims against Fairchild. The Brewers added BANA and Carrington as third-party defendants to the ejectment action, asserting claims against them alleging, among other things, breach of contract and wrongful foreclosure ("the third-party claims"). Fairchild, in turn, asserted various cross-claims against BANA and Carrington in the event that the Brewers established that the foreclosure sale was void. On September 15, 2023, the trial court entered a summary judgment in favor of BANA and Carrington on the Brewers' third-party claims. On that same date, the trial court entered a partial summary judgment in favor of Fairchild in the ejectment action, finding that he was entitled to possession of the property. On October 31, 2023, the trial court entered an "Order on Partial Summary Judgment and for Writ of Possession,"

---

of options to avoid foreclosure, and a mortgage-assistance application. As of September 2021, the delinquency on the loan totaled $60,996.61, which consisted of 39 payments of principal, interest, and escrow and $2,905.44 in late fees.

purporting to grant Fairchild's motion for a partial summary judgment again, ordering the Brewers to surrender possession of the property within 30 days, reserving jurisdiction to award Fairchild damages if the Brewers "have caused waste" to the property, and purporting to certify that order in favor of Fairchild as final pursuant to Rule 54(b), Ala. R. Civ. P. The Brewers filed a postjudgment motion, which was denied. This appeal followed.

## II. Standard of Review

Although the Brewers filed this appeal, they assert that the trial court's Rule 54(b) certification of the October 31, 2023, order was improper and that this Court therefore lacks jurisdiction to consider the merits of the appeal.[2] "If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will generally lie from that judgment." Baugus v. City of Florence, 968 So. 2d 529, 531 (Ala. 2007). "The exception to that rule is that this Court will not consider an appeal from a judgment certified as final under Rule 54(b) if it determines that the

---

[2]The Brewers represent that the October 31, 2023, order purported to dispose of not only the ejectment action commenced by Fairchild, but also their third-party claims against BANA and Carrington. However, it is clear from the record that the trial court entered separate summary-judgment orders in this case.

trial court exceeded its discretion in concluding that there is 'no just reason for delay.' Rule 54(b)." Smith v. Slack Alost Dev. Servs. of Alabama, LLC, 32 So. 3d 556, 562 (Ala. 2009).

### III.  Discussion

### A.  Rule 54(b) Certification

On September 15, 2023, the trial court entered a summary judgment in favor of BANA and Carrington on the Brewers' third-party claims.  The trial court did not certify that judgment as final under Rule 54(b).  On that same date, the trial court entered a partial summary judgment in favor of Fairchild in his ejectment action, finding that he was entitled to possession of the property.  On October 31, 2023, the trial court entered another order purporting to grant Fairchild's partial-summary-judgment motion again and purporting to certify that order in favor of Fairchild as final under Rule 54(b).  In that order, the trial court instructed the Brewers to surrender possession of the property within 30 days and directed the clerk of the court to issue a writ of possession upon the expiration of the 30 days if the Brewers failed to vacate the property. The trial court also reserved jurisdiction "to award additional damages in the event [Fairchild] recovers the real property and discovers [the

5

Brewers] have caused waste to said property." Finally, the trial court indicated in the order that there was "no further cause for delay" and that the order was the "Final Order" of the court. Thus, it is clear from the wording of the October 2023 order that the trial court intended to certify that order as final under Rule 54(b). See Schneider Nat'l Carriers, Inc. v. Tinney, 776 So. 2d 753, 755 (Ala. 2000) ("[I]f it is clear and obvious from the language used by the trial court in its order that the court intended to enter a final order pursuant to Rule 54(b), then we will treat the order as a final judgment."). Thus, the pertinent issue is whether the trial court exceeded its discretion in certifying the October 2023 order in favor of Fairchild in the ejectment action as final pursuant to Rule 54(b).

In an ejectment action commenced pursuant to § 6-6-280(b), "[t]he plaintiff may recover … mesne profits and damages for waste or any other injury to the lands, as the plaintiff's interests in the lands entitled him to recover, to be computed up to the time of the verdict." (Emphasis added.) See Black's Law Dictionary 41 (11th ed. 2014) (defining an "action for mesne profits" as "[a] lawsuit seeking damages suffered by a landowner … whereby the plaintiff may recover for both the use of the land during the wrongful occupation and the costs of ejectment"). In his

complaint for ejectment, Fairchild sought possession of the property, "reasonable rents for the [Brewers'] use and [r]etention" of the property, and any other relief to which he was entitled. Thus, Fairchild had the burden of presenting substantial evidence establishing the amount of damages to which he claimed he was entitled. However, Fairchild's motion for a partial summary judgment includes no evidentiary submission as to the amount of damages that he allegedly suffered as a result of the Brewers' alleged wrongful retention of the property. Thus, it appears that Fairchild waived any issue as to those requested damages.[3] Nonetheless, in its October 2023 order, the trial court reserved jurisdiction to award Fairchild "additional damages" for any waste to the property. The reservation of jurisdiction to award additional damages renders the October 2023 order nonfinal. See Grantham v. Vanderzyl, 802 So. 2d 1077, 1080 (Ala. 2001) (noting than an order is not final "if it permits a party to return to court and prove more damages or if it leaves open the question of additional recovery"); Moody v. State ex rel. Payne, 351 So. 2d 547, 551 (Ala. 1977) ("[N]o appeal will lie from a

---

[3]The record on appeal does not include a transcript of the hearing on the summary-judgment motions, and Fairchild has not favored this Court with an appellate brief.

judgment which does not adjudicate [the issue of damages] by ascertainment of the amount of those damages."); and Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So. 2d 316, 320 (Ala. 2001) ("A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication.").  Because the October 2023 order in favor of Fairchild in the ejectment action does not dispose of that action, the trial court exceeded its discretion in certifying that order as final under Rule 54(b). Clearly, the trial court anticipates doing further adjudicative work and expects further evidence to be submitted, after which, presumably, it will enter a final judgment.  We, therefore, dismiss the Brewers' appeal. See Stephens v. Fines Recycling, Inc., 84 So. 3d 867, 879 (Ala. 2011) (noting that Rule 54(b) certifications should be entered only in exceptional cases and that appellate review in a piecemeal fashion is not favored).

## B.  Sanctions

BANA and Carrington have filed a motion asking this Court to impose sanctions on the Brewers under Rule 38, Ala. R. App. P., for having to defend against the Brewers' appeal, which, they say, is frivolous. Rule 38 authorizes an appellate court to "award just damages

and single or double costs to the appellee" if the court determines that an appeal is frivolous. Rule 38 does not establish a standard or criteria to determine what is a frivolous appeal; however, the grant or denial of damages under the rule is within the sound discretion of the appellate court. Gilbert v. Congress Life Ins. Co., 646 So. 2d 592, 594 (Ala. 1994). In this case, we agree with BANA and Carrington that the Brewers' attorney, Kenneth J. Lay, has knowingly misrepresented certain facts to this Court. We highlight only a few examples of why we perceive this appeal to be frivolous. To begin, Lay represents in the Brewers' appellate brief that the October 31, 2023, order from which this appeal arises purported to dispose of not only the ejectment action commenced by Fairchild, but also the Brewers' third-party claims against BANA and Carrington. However, it is clear from the record that the trial court entered separate summary-judgment orders in this case. Next, it is well established that, in an ejectment action, a defendant may collaterally attack a foreclosure sale as being void to show that the plaintiff never acquired valid and enforceable title to the property and, thus, cannot maintain the ejectment action. See Larsen v. WF Master REO, LLC, 360 So. 3d 357, 368 (Ala. Civ. App. 2022). The Brewers contend that the

9

foreclosure sale is void because, they say, BANA and Carrington failed to strictly comply with the notice provisions of the mortgage. They also assert that BANA and Carrington breached the mortgage by failing to comply with those notice provisions. Certain of the notice provisions that the Brewers rely on, however, are not included in the mortgage that the Brewers executed. As BANA and Carrington point out, those notice provisions appear to have been copied and pasted from another, unrelated mortgage. We find it unacceptable that, despite being informed of this grave mistake during the proceedings below, Lay continues to blatantly represent to this Court that the mortgage at issue contains certain notice provisions when it does not. Lay also makes unsubstantiated representations in the Brewers' appellate brief regarding loss-mitigation assistance:

> "Both Carrington and [BANA] admitted that they never conducted any loss mitigation in this case, never gave the Brewers a decision on their request for assistance prior to foreclosure, never provided any assistance, and, other than directing the Brewers to the company website, never informed the Brewers of most of the available loss mitigation options."

Brewers' brief at 38. As BANA and Carrington point out, Lay does not cite to any portion of the record where those alleged admissions are found -- nor can he, because the record is replete with evidence to the contrary.

10

Finally, Lay represents that there is only <u>one</u> appellate decision in Alabama issued by the Court of Civil Appeals that has addressed the issue whether an entity can foreclose on property when it has failed to follow federal loss-mitigation regulations incorporated into a mortgage. See <u>Campbell v. Bank of America, N.A.</u>, 141 So. 3d 492, 495 (Ala. Civ. App. 2012) (holding that the failure of a foreclosing entity to comply with federal loss-mitigation requirements may not be raised as a defense to an ejectment action following a nonjudicial foreclosure; rather, it must be raised in a direct action). Lay asserts that <u>Campbell</u> was wrongly decided, and he further contends that, because this Court has never directly addressed the issue in <u>Campbell</u>, we should overrule <u>Campbell</u> and follow caselaw from another jurisdiction. Contrary to Lay's representation, the Court of Civil Appeals has issued several decisions regarding federal loss-mitigation regulations, and, more importantly, in <u>Littlefield v. Smith</u>, [Ms. SC-2023-0069, Dec. 15, 2023] ___ So. 3d ___, ___ (Ala. 2023), this Court discussed <u>Campbell</u> at length, reaffirming that "there are two independent restrictions that apply when a party challenges a foreclosure on grounds that render it merely voidable: (1) the challenge must be brought in a direct action and (2) the challenge must be brought

11

before title passes to a bona fide purchaser." Based on the foregoing, we grant the motion for Rule 38 sanctions by awarding BANA and Carrington an amount equal to double the costs of this appeal; that award is to be paid by Lay and is not to be charged to the Brewers. See May v. May, 292 So. 3d 385 (Ala. 2019) (requiring damages awarded pursuant to Rule 38 to be paid by client's attorney).

## IV. Conclusion

We dismiss the Brewers' appeal, and we grant BANA and Carrington's motion for sanctions under Rule 38.

MOTION FOR SANCTIONS GRANTED; APPEAL DISMISSED.

Parker, C.J., and Wise, Stewart, and Cook, JJ., concur.